CITY OF LANSING *v.* BROWN.

1. THEATRES AND SHOWS — ORDINANCES — SUNDAY — LICENSE — CRIMINAL LAW—MOVING PICTURE SHOWS.

Interpreting an ordinance strictly, as penal acts must be construed, under a municipal ordinance providing that no person should operate or conduct a moving picture show without a license and that no permit should be issued to exhibit on Sunday, and providing a penalty for violation of any provisions thereof, conducting a moving picture show on Sunday did not operate as a violation of the ordinance within the intent of the common council, although respondent had only the yearly license authorized, and could not have secured a valid license to keep open on Sunday.

2. SAME.

The fact that conducting a Sunday show is forbidden by statute (2 Comp. Laws, § 5912), does not change the effect or intent of the municipal regulation.

MOORE, C. J., dissenting.

Error to Ingham; Wiest, J.   Submitted June 7, 1912.
(Docket No. 38.)   Decided October 1, 1912.

A. Leroy Brown was convicted of operating a moving picture show without a license contrary to the prohibition of an ordinance of the city of Lansing.   Reversed and respondent discharged.

*C. P. Black*, for the people.

*Jason E. Nichols* and *L. B. McArthur*, for respondent.

OSTRANDER, J.   Respondent, the proprietor of a moving picture show in the city of Lansing, kept open his place of amusement, gave an exhibition, and charged and received pay therefor from persons attending, on October 15, 1911, which was Sunday.   He was arrested upon a warrant which charged that he—

"Did open and keep open a certain public exhibition and show, at which show he caused moving pictures to be operated and exhibited, and for which he demanded and received money; said 15th day of October being on Sunday, and such show, on said first day of the week, being without permission or license granted to the said Alger Leroy Brown by the city clerk of said city for that purpose, contrary to the provisions of an ordinance of the city of Lansing entitled 'An ordinance to regulate the granting of licenses for shows and other amusements, being Ordinance No. 77 of the revised ordinances of said city,' and against the peace and dignity of the people of the State of Michigan."

There is no ordinance of the city of Lansing prohibiting the keeping open of places of business or amusement on Sunday.   Ordinance No. 77 provides that no person shall conduct or operate such a place as respondent had without a license or permit for that purpose.   Respondent held a yearly license, issued to him pursuant to this ordinance. Section 4 of the ordinance reads as follows:

"SEC. 4.   That no person shall act, exhibit, show or perform in, or cause to be enacted, exhibited, showed or per-

formed or be in any way concerned in the acting, exhibition, showing or performance of any indecent or blasphemous play, farce, opera, public exhibition, show or entertainment or performance of any kind whatever, nor shall any permit be given to play, show or exhibit on Sunday."

A penalty is provided for violating any of its provisions. Respondent was convicted in the justice's court, appealed to the circuit court, in which the cause was tried without a jury, a verdict of guilty was entered, and a sentence was imposed, the execution of which was stayed to permit a review of the record in this court.

The question presented is a simple one, and is whether respondent was conducting his business without permission or license granted by the city clerk, within the meaning of the ordinance, and is therefore liable to the prescribed penalty. Briefly stated, the argument for the people is that the license which respondent held did not permit him to conduct his place of amusement on Sunday; that he could not conduct a place of amusement on any day without a license; that, having opened it on Sunday, he was conducting it without a license, and was therefore in the position of one conducting an entertainment "without a license or permit for that purpose first had from the city clerk."

The argument is plausible, but to me it seems essentially unsound. The business of respondent is not an unlawful business, but is a business which the State may regulate. The command, and the only command, of the regulation imposed, with respect to a license, is: You shall not conduct your place of entertainment without a license or permit for that purpose first had from the city clerk. It is this command which respondent is charged with disobeying. Respondent does not seek to justify his conduct by his license. He does not contend here that the keeping open of his place, upon the particular occasion, was not unlawful conduct for which he may be called to account. He contends only that he has not made himself liable to the penalties of *this* ordinance. When, as mat-

ter of police regulation, a license is required as a condition for conducting a business, and a penalty imposed for carrying it on without a license, a charge that the business is being carried on without a license is answered by producing the license. The common council of the city of Lansing has power to prevent and punish violations of the Sabbath day, and to require all places of business to be closed on that day. It has no power to *permit* violations of the Sabbath day. A license or ordinance which in form permitted violations of the Sabbath would protect no one. The common council has power to regulate, restrain, and prohibit shows and exhibitions. It was this power which was exercised in passing the ordinance in question here. Suppose the ordinance not only required a license to be taken out, but also forbade the operation of the business on Sunday: Would it be contended that in keeping open a licensed place on Sunday the business was being conducted without a license? When there is added to a police regulation the statement that a compliance with the prescribed conditions shall not be deemed to be also a license to violate some other law or laws, nothing is thereby added to the command of the regulation. Violation of the other enumerated laws is not a violation of the regulatory ordinance. If it were otherwise, then by multiplying such references to other laws a large category of offenses might be brought within the pains and penalties of the regulatory ordinance, and within the jurisdiction of municipal magistrates. Suppose, for illustration, the last clause of section 4 of the ordinance had read: Nor shall any permit be given to play, show or exhibit on Sunday, nor to sell liquor in any place of amusement, nor to harbor pickpockets therein, nor, during a performance, to lock the doors provided for egress therefrom. Would it be contended that a proprietor who sold liquor in such a place was guilty of carrying on his business *without permission or license granted by the city clerk?* Penal statutes (and the ordinance is of that character) are strictly construed. Without applying the rule of strict-

ness, the ordinance in question cannot reasonably be given a meaning which will sustain the conviction.

The judgment of the lower court is reversed, the conviction set aside, and the respondent discharged.

STEERE, MCALVAY, BROOKE, STONE, and BIRD, JJ., concurred.

MOORE, C. J. (*dissenting*). I do not agree with the conclusion reached by Justice OSTRANDER. He has sufficiently stated the facts and the questions involved. He has also referred to the ordinance, and has quoted the provisions of section 4. This section provides two things: *First*. It forbids the giving of any such show or performance on Sunday, as was confessedly given by the respondent. The language is, in effect, that no person shall give such a show or performance on Sunday. The act involved was in violation of this unambiguous language. *Second*. It is provided: " Nor shall any permit be given to play, show or exhibit on Sunday." From this it clearly follows that the only permit which is lawful is a permit to give plays, shows, and exhibitions on other days than Sundays.

Under the ordinance, if an attempt in terms had been made to issue a permit for a Sunday performance, it would have been unlawful, and would have been no protection to respondent, for the reason that the ordinance forbade such a permit. It is true that respondent had such a permit as might lawfully be issued; but this permit only allowed a performance on such days as were not forbidden. The exhibition respondent gave was forbidden by the ordinance, and the granting to him a permit for that day was also forbidden.

I think it clear respondent was guilty of such an exhibition and show as was forbidden by the ordinance, and for which a permit could not be lawfully granted, and for which exhibition no attempt had been made to grant a permit.

The conviction should be affirmed, and the case remanded for further proceedings.