PEOPLE *v.* BOLA.

1. INTOXICATING LIQUORS—LOCAL-OPTION LAW—PENAL STATUTES—CONSTRUCTION.

Act No. 381, § 2, Pub. Acts 1913 (2 Comp. Laws 1915, § 7119), relative to the labeling of liquors transported from a wet territory to a dry territory and providing for a penalty for the violation thereof, being a penal statute, must be strictly construed.

2. SAME—LOCAL-OPTION LAW—LABELING PACKAGES—"CONSIGNOR"—"CONSIGNEE."

One who buys liquor in a county permitting the sale thereof and personally transports the same into a local

option county for his own use without having the packages labeled, in accordance with the act, is neither a consignor nor a consignee, and is not liable to the penalties of the act.

Exceptions before judgment from Genesee; Stevens, J. Submitted June 15, 1917. (Docket No. 134.) Decided July 26, 1917.

John Bola was convicted of violating the liquor law. Reversed, and respondent discharged.

*Clark M. Johnson* (*William E. Barrett,* of counsel), for appellant.

*Roy E. Brownell,* Prosecuting Attorney, and *Homer J. McBride,* Assistant Prosecuting Attorney, for the people.

BROOKE, J. Respondent was convicted of a violation of section 2, Act No. 381, of the Public Acts of 1913 (2 Comp. Laws 1915, § 7119), which is as follows:

"It shall be unlawful for any person to consign, ship or transport in any manner whatsoever, or deliver any of the liquors mentioned in section one of this act to any person in any township, municipality or county where by law, either local or State-wide in its operation, the manufacture and sale of such liquors for beverage purposes is prohibited, or for any person residing in such prohibited territory to receive any such liquors, unless there appears upon the outside of the package containing any such liquors the following information: Name and address of the consignor; name and address of the consignee; kind and quantity of liquor therein contained, and the statement either that such liquors are for personal and family use of the consignee, or for medicinal, mechanical, chemical, scientific or sacramental purposes. * * * Any consignee accepting or receiving any package containing any such liquors upon which appears a false statement, or any person consigning, shipping, transport-

ing or delivering any such package, knowing that said statement appearing upon the outside thereof is false, shall be deemed guilty of violating the provisions of this act."

The testimony introduced on behalf of the people shows that the respondent resides in the city of Flint, Genesee county, State of Michigan; that Genesee is a so-called local option county; that said respondent drove his automobile to the city of Saginaw in the county of Saginaw (a county not under local option), where he purchased 33 quarts of whisky and 245 pint bottles of beer, and that he brought the same into Genesee county without being labeled. Respondent admitted the purchase of the liquor in the city of Saginaw and its transportation into the county of Genesee. The record further discloses that said liquor was to be used by respondent himself and his friends and countrymen that he might invite to a birthday party to be given by him at his home on the following day in celebration of his nineteenth birthday. It is undisputed that the packages containing said liquor were not labeled as provided by section 2 of Act No. 381, Pub. Acts 1913.

The court charged the jury as follows:

"So I charge you that the bringing of that liquor for himself without it having been labeled and that label containing the information that the law requires, that was a violation of the law, and you must take it as I say, whether I am right or wrong. The court has a right to say to the jury that you may retire to your jury room and then will return a verdict of guilty. I so instruct you in this case, but I cannot direct it; you will have to deliberate yourselves upon the question. There are five or six cases to that effect in this State. You will retire, and it will be your duty, gentlemen, to return a verdict of guilty."

The only question involved is whether a resident in a so-called local option county may purchase liquor

in a county where such purchase and sale is lawful and transport the same, either upon his person or in his own conveyance, into a local option county for his own personal use, without having the packages labeled in accordance with the section above quoted. The statute is penal, and must be strictly construed. *City of Lansing* v. *Brown,* 172 Mich. 50 (137 N. W. 535).

It is the contention of respondent that the section in question contemplates two distinct parties in transporting and receiving liquors, namely, the consignor and the consignee; that there must be two parties involved, one in transporting and one in receiving, to make out a violation of the act; that the respondent cannot be both, and cannot be held for receiving said liquor in said "dry" county and for transporting it to any person in said "dry" county.

On behalf of the people it is urged that a careful reading of the section indicates that it was the legislative intention that all packages of liquor should be labeled including those brought in for personal use. The legality of the sale of the liquor in Saginaw county to respondent is not involved. He became its owner in a "wet" county. Thereafter he was neither consignor nor consignee of the same, and the section in question has no application to him in relation thereto.

The question of respondent's good faith in the purchase and his intention as to the subsequent use of the liquor in question is not involved. If respondent used or disposed of the liquor in Genesee county in violation of the law, he would be liable under other sections of the statute. He cannot be properly convicted under the section invoked.

The conviction is reversed, and the respondent discharged.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.