### AHLBERG v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 18, 1921.)

No. 3428.

1. Constitutional law ⬦30—Amendment of state Constitution effective as law of state by its own force, though it called for legislative act.

Const. Ohio, art. 15, § 9, as amended at the general election in November, 1918, providing that "the sale and manufacture for sale of intoxicating liquors as a beverage are hereby prohibited," and that "the General Assembly shall enact laws to make this provision effective," and which by the terms of its submission took effect May 27, 1919, became on and

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

after that date the law of the state, within the meaning of Reed Amendment, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), regardless of whether or not the General Assembly had enacted laws for its enforcement.

**2. Courts ☞366(1)—Construction of state laws by state court followed by federal courts.**

A federal court will follow the decision of the court of last resort of a state, construing its own Constitution or laws, where no claim is made that such Constitution or law violates any provision of the federal Constitution.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against William Ahlberg. Judgment of conviction, and defendant brings error. Affirmed.

C. E. Mellen, of Cleveland, Ohio (Orgill, Maschke & Mellen, of Cleveland, Ohio, on the brief), for plaintiff in error.

Jos. C. Breitenstein, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., and Joseph C. Breitenstein, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. In the District Court of the United States, Eastern Division of the Northern District of Ohio, the plaintiff in error was convicted on both counts of an indictment. The first count charged him with the violation of the Act of March 3, 1917, commonly known as the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c). The second count charged a violation of section 240 of the Criminal Code (Comp. St. § 10410).

This proceeding in error presents two questions: First, whether the laws of Ohio on June 28, 1919, prohibited the manufacture and sale therein of intoxicating liquors for beverage purposes. The second question involves the application of the provision of section 240, Criminal Code to the facts proven in this case.

[1.] There can be little doubt but that the first question must be answered in the affirmative. At the regular election in November, 1918, the voters of Ohio adopted an amendment to section 9 of article 15 of the state Constitution, which amendment, among other things, declared that "the sale and manufacture for sale of intoxicating liquors as a beverage are hereby prohibited," and that "the General Assembly shall enact laws to make this provision effective." The schedule attached to this amendment contained the following provision:

"If the proposed amendment be adopted, it shall become section 9 of article 15 of the Constitution and it shall take effect on the 27th day of May of the year following the date of the election at which it is adopted, at which time original sections 9 and 9a of article 15 of the Constitution and statutes inconsistent with the foregoing amendment shall be repealed."

It is insisted upon the part of plaintiff in error that, notwithstanding this provision in the schedule attached to this constitutional amendment, it did not take effect on the 27th day of May, 1919, for

the reason that the General Assembly had not at that time enacted any laws, as provided by the amendment itself, to make this provision effective. It would seem, however, that in the case of State ex rel. v. Donahey, 100 Ohio St. 104, 125 N. E. 908, the Supreme Court of Ohio has determined this question adversely to the contention of plaintiff in error. In that case the first paragraph of the syllabus, which under the rule in Ohio is the law of the case, regardless of what may be said in the opinion, reads as follows:

"1. Sections 1261—16 to 1261—73, inclusive, General Code, are repugnant to the provisions of section 9, article XV, of the Constitution, adopted November 5, 1918, and were repealed upon its taking effect midnight, May 26, 1919."

[2] This court will follow the decision of the court of last resort of a state, construing its own laws or its own Constitution, where no claim is made that such law or such state Constitution violates any provision of the federal Constitution.

It is insisted, however, that this holding by the Supreme Court of Ohio that this amendment went into effect at midnight May 26, 1919, does not determine that it became operative as a prohibitory law at that time, but on the contrary, that it did not become operative within the meaning of the Reed Amendment until the General Assembly passed the necessary legislation providing for its enforcement. There is nothing in the opinion in that case to indicate that it was the intention of the Supreme Court of Ohio to hold that this constitutional amendment became effective to repeal all statutes in Ohio regulating the traffic in intoxicating liquor, and not effective to prohibit that traffic. On the contrary, the court declared, in no uncertain and ambiguous language, that this amendment went into effect at midnight May 26, 1919. In the absence of any qualifications or limitations, this language is not subject to any construction other than that it went into effect at that time for all purposes that it was intended to serve.

However, if this decision were wholly disregarded, this amendment to the Ohio Constitution speaks for itself. It is written in substantially the same language as section 1 of the Eighteenth Amendment to the federal Constitution, which section reads as follows:

"After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

The Supreme Court of the United States (State of Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946) held that the prohibition of the manufacture, sale, transportation, importation and exportation of intoxicating liquors for beverage purposes, as embodied in this amendment—

"is operative throughout the territorial limits of the United States, binds all legislative bodies, courts, public officers and individuals within those limits; and of its own force invalidates every legislative act, whether by Congress, by a state legislature, or by a territorial assembly, which authorizes or sanctions what the section prohibits. * * *"

Also that—

"The second section of the amendment—the one declaring 'the Congress and the several states have concurrent power to enforce this article by appropriate legislation'—does not enable Congress or the several states to defeat or thwart the prohibition, but only to enforce it by appropriate means."

Mr. Chief Justice White, concurring in this judgment, said:

"The power which it gives to state and nation is, not to construct or perfect or cause the amendment to be completely operative but as already made completely operative, to enforce it."

While the judgment entered in this case was by a divided court, nevertheless the dissents were predicated upon other grounds; each of the dissenting justices expressly concurring in paragraphs 6 and 7, as above copied.

This judgment of the Supreme Court of the United States, holding that national prohibition under the Eighteenth Amendment became effective upon the date fixed in the amendment itself, regardless of legislation either by Congress or the several states, and that neither Congress nor the several states could defeat or thwart prohibition by failure to legislate, is particularly applicable, if not conclusive, of the question here presented.

Paraphrasing the statement of Chief Justice White, to make it applicable to the instant case: The power given to the General Assembly of Ohio, to enact laws to make the provisions of this amendment effective, is not to construct or perfect or cause the amendment to be completely operative, but as already made completely operative, to enforce it.

The disposition of this question makes it unnecessary for this court to consider the other question in this case.

The defendant was convicted upon both counts of this indictment, and was sentenced to pay a fine of $1,000 and costs of prosecution, which penalty the court was authorized to inflict on defendant upon a verdict of guilty upon either count of the indictment.

For this reason, and for the further reason that there is another case pending in this court that will shortly be reached, which involves this one question only, that is raised upon the second count of the indictment, it is thought best not to dispose of this question at this time, for it is no longer of importance in this case, but to delay doing so, in order that counsel in that case may have full and fair opportunity to be heard, and that the court may have the advantage of such further argument.

Judgment affirmed.