## ONE TRUCK LOAD OF WHISKY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1921.)

No. 3472.

Intoxicating liquors ⬅247—Carriage of liquor from one state into another by owner not "shipment" in interstate commerce.

Criminal Code, § 240 (Comp. St. § 10410), making it a criminal offense to "knowingly ship" any package containing liquor from one state into another, unless the package is so labeled as to clearly show the name of the consignee and the nature and quantity of the contents, and subjecting liquor shipped in violation thereof to forfeiture, *held* not to apply to a carriage of liquor from one state into another by the owner in a truck hired with a driver for the purpose, from a concern which was not a common carrier nor engaged in the business of transportation, but in the business of letting trucks, with drivers, by the day or trip.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Shipment.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Proceeding by the United States against one truck load of whisky. Judgment of forfeiture and condemnation, and Joseph Tomon, claimant, brings error. Reversed.

Wilson Kern, of Cleveland, Ohio, for plaintiff in error.

H. L. Eastman, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., and Jos. C. Breitenstein, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. In June, 1919, Joseph Tomon was in possession of 100 cases of whisky, located at Erie, Pa. Desiring to have this whisky at Cleveland, Ohio, Toman found a company at Erie, which owned a number of automobile trucks and conducted the business of letting for hire the trucks, with drivers, for transporting merchandise, and he hired from this company a truck and driver to carry the whisky to Cleveland. The owner of the truck was under no duty or obligation to carry, and it could accept or refuse any offer of hiring made to it. The whisky was loaded on the truck at Erie and was thus carried across the line into Ohio. Nothing else was carried on the truck. The cases were not labeled in any manner with the name of the consignee or the nature of the contents or the quantity contained. After crossing the

state line into Ohio, the whisky was seized by state and federal officials, and a libel and information was filed by the United States in the court below for the condemnation of the truck load of whisky, on the theory that it had become forfeited because of a violation of section 240 of the Penal Code (U. S. C. S. § 10410). The facts were stipulated, and the sole question is whether this whisky was in the course of shipment, within the meaning of the word "ship" in section 240. See Ahlberg v. U. S. (C. C. A. 6, March 18, 1921) 271 Fed. 661.[1]

It is the contention of Tomon, as claimant of the seized property, that no shipment is prohibited by this section, unless it is one made by a common carrier, and that the provision requiring the package to be labeled with the name of the consignee does not apply to the facts here stated. This theory is said to be supported by several decisions which have given to the word this restricted meaning (Noble v. People, 67 Colo. 429, 180 Pac. 562, and cases cited), including the express statement by Mr. Justice Van Devanter in U. S. v. Freeman, 239 U. S. 117, 120, 36 Sup. Ct. 32, 60 L. Ed. 172, that this section of this statute refers to a shipment by a common carrier, though this statement was as to a matter not involved in the case, excepting argumentatively.

Additional support for the claimant's contention is claimed from the history of the act. Sections 238 and 239 of the Penal Code (Comp. St. §§ 10408, 10409) were originally sections 1 and 2 of what was known as the Knox Bill. In the progress of this bill through Congress, a new section was added, known as section 3, being the same which is now section 240 of the Penal Code. Since the Penal Code was, at this time, in process of revision, the Knox Bill was incorporated in it, and its three sections numbered as above stated. U. S. v. First Nat. Bank (D. C.) 190 Fed. 336. Doubtless, the three must be considered as parts of one act, and each one interpreted with a due regard for the other, and to promote the general purpose of the act common to all these sections.

If we do not accept as controlling the definition given by Mr. Justice Van Devanter, as above stated, we at once find an ambiguity. Undoubtedly a shipment, in the more common sense of the word, contemplates transportation by a common carrier; and yet it is now very common to ship goods even from one state to another by private carrier, like a line of private trucks regularly engaged in the transportation business, but under no public obligation, and at liberty to accept or refuse any business offered, and to charge a reasonable or an unreason-

---

[1] Sec. 240. Whoever shall knowingly ship or cause to be shipped, from one state, territory, or district of the United States, or place non-contiguous to but subject to the jurisdiction thereof, into any other state, territory, or district of the United States, or place noncontiguous to but subject to the jurisdiction thereof, or from any foreign country into any state, territory, or district of the United States, or place noncontiguous to but subject to the jurisdiction thereof, any package of or package containing any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind, unless such package be so labelled on the outside cover as to plainly show the name of the consignee, the nature of its contents, and the quantity contained therein, shall be fined not more than five thousand dollars; and such liquor shall be forfeited to the United States and may be seized and condemned by like proceedings as those provided by law for the seizure and forfeiture of property imported into the United States contrary to law.

able price at its option. We do not see that the necessity of construing the three sections together is decisive of the meaning. While section 238 has reference only to shipments by common carrier, section 239 refers to transportation by any person as well as by a common carrier. Danciger v. Cooley, 248 U. S. 319, 326, 39 Sup. Ct. 119, 63 L. Ed. 266. On the other hand, it may be said that section 240 must be considered as in aid of, and supplemental to, sections 238 and 239, and that such transportation as occurred in this case is not within the scope of either one of those two sections, for there was no question of delivery to a fictitious person or to some one other than the consignee, and there was no receipt of the C. O. D. price.

We think the case should be disposed of on its peculiar facts without any attempt to give an exclusive definition. There is nothing to indicate that Tomon had parted with the custody, or the right to the custody, to the extent characteristic of anything that can reasonably be considered a shipment. Indeed, counsel for Tomon state, and the statement is not challenged, that Tomon was accompanying the truck, and in direct charge and control of it, at the time the goods were seized, and that he was arrested at this time; but we can consider this only as a situation very likely to exist under the facts stipulated. It is not shown that the truckmen were in the business of transportation themselves; on the other hand, it is most carefully stated that they were in the business of letting their trucks for hire. When the owner of goods does not give up their custody at all, but hires a truck and driver by the day or by the trip, and nothing more appears, we are not satisfied that there is any shipment within the sense of this statute. People v. Bola, 197 Mich. 370, 372, 163 N. W. 893; Gracie v. Palmer, 8 Wheat. 605, 632, 633, 5 L. Ed. 696. The case is one for the application of the rule that a statute of this character, creating a new offense, should not be extended to include acts which may or may not have been within the legislative intent. U. S. v. Bathgate, 246 U. S. 220, 225, 38 Sup. Ct. 269, 62 L. Ed. 676; U. S. v. Weitzel, 246 U. S. 533, 543, 38 Sup. Ct. 381, 62 L. Ed. 872.

The judgment of the court below, condemning the property, must be reversed, and the record remanded for further proceedings accordingly.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes