PEOPLE v JOSEPH VANNOY

PEOPLE v STEVEN VANNOY

PEOPLE v HOWARD

Docket Nos. 48368, 48369, 48370. Submitted January 8, 1981, at Detroit.—Decided May 19, 1981. Leave to appeal applied for.

Joseph Vannoy and Steven Vannoy pled guilty to armed robbery and possession of a firearm during the commission of a felony, and Pamela Howard pled guilty to armed robbery, Wayne Circuit Court, Richard D. Dunn, J. Defendants Joseph Vannoy and Steven Vannoy appeal as of right and defendant Pamela Howard appeals by leave granted, alleging that the original multiple charges of armed robbery instead of a single charge of bank robbery against each of them constituted an abuse of prosecutorial discretion and amounted to a jurisdictional defect which was not waived by their guilty pleas. The appeals were consolidated by the Court of Appeals. *Held:*

1. The general armed robbery statute is limited and controlled by the bank robbery statute. The record reveals that defendants intended to rob a bank rather than the *individuals*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery §§ 4, 10.

[2] 67 Am Jur 2d, Robbery §§ 10, 87.

What constitutes taking and carrying away, with intent to steal or purloin, within the meaning of the Federal Bank Robbery Act (18 USCS § 2113(b)). 46 ALR Fed 841.

What constitutes attempted bank robbery under 18 USCS § 2113(a), making it an offense to take or attempt to take, by force, violence, or intimidation, any property, money, or other thing of value from bank. 37 ALR Fed 255.

[3] 73 Am Jur 2d, Statutes §§ 295, 296.

[4, 7] 73 Am Jur 2d, Statutes §§ 145, 146.

[5, 8, 9] 63 Am Jur 2d, Prosecuting Attorneys § 26.

[6] 73 Am Jur 2d, Statutes § 257.

[7] 67 Am Jur 2d, Robbery §§ 4, 86 *et seq.*

[10] 21 Am Jur 2d, Criminal Law §§ 119, 120, 122.

79 Am Jur 2d, Weapons and Firearms § 13.

therein. Thus, the prosecutor abused his discretion in charging defendants with armed robbery.

2. The abuse of prosecutorial discretion prevented the trial court from obtaining proper jurisdiction over defendants.

Reversed and remanded.

1. ROBBERY — ARMED ROBBERY — COMMON-LAW CRIMES — STATUTES.

Common-law robbery, in Michigan, is superseded by statute; under the statute the essential elements of armed robbery are assault by an accused upon a victim, felonious taking of property from the victim, and the presence of a dangerous weapon or an object fashioned to make the victim reasonably believe it to be a dangerous weapon (MCL 750.529; MSA 28.797).

2. ROBBERY — BANK ROBBERY — STATUTES.

A person who intends to commit any felony and who confines, maims, injures, wounds or attempts or threatens so to do or puts any person in fear thereof for the purpose of stealing from any bank is guilty of bank robbery regardless of his success or failure in the perpetration of the crime (MCL 750.531; MSA 28.799).

3. CRIMINAL LAW — PENAL STATUTES — JUDICIAL CONSTRUCTION.

Penal statutes are to be strictly construed, but this does not require rejection of the sense of the words of the statute which best harmonizes with the overall context thereof and the end purpose sought to be achieved by the legislation; the end purpose of criminal statutes is the evil sought to be corrected and the objects of the law sought to be effectuated.

4. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

The Legislature in enacting statutes is presumed to be familiar with the principles of statutory construction including the principle that a literal interpretation, and the inferences drawn therefrom, arising from the general provisions of a statute or section thereof must be read so as to be limited and controlled by clear and express language found in other sections of the same statute.

5. PROSECUTING ATTORNEYS — PROSECUTORIAL DISCRETION.

Prosecuting attorneys have great discretion in determining under which of two possible applicable statutes a prosecution shall be instituted, but such discretion is not unlimited.

6. STATUTES — JUDICIAL CONSTRUCTION.

A statute specific in language and enacted subsequent to or contemporaneously with a general statute covering the same

subject matter constitutes an exception to the general statute where conflict appears between them.

7. CRIMINAL LAW — ARMED ROBBERY — BANK ROBBERY — JUDICIAL CONSTRUCTION — STATUTES.

The Legislature in enacting the armed robbery and bank robbery statutes intended to distinguish between the proscribed offenses, and as the bank robbery statute follows the armed robbery statute in the statutory scheme the armed robbery statute is limited and controlled by the bank robbery statute (MCL 750.529, 750.531; MSA 28.797, 28.799).

8. PROSECUTING ATTORNEYS — PROSECUTORIAL DISCRETION — INSTITUTION OF CHARGES — ABUSE OF DISCRETION.

A prosecutor abuses his discretion where he charges a defendant with multiple counts of armed robbery instead of one count of bank robbery arising out of an incident where the facts disclose that the defendant intended to rob the bank itself rather than the individuals therein.

9. CRIMINAL LAW — JURISDICTION — PROSECUTORIAL DISCRETION — GUILTY PLEAS — WAIVER.

An abuse of prosecutorial discretion in the charging of a criminal defendant is a jurisdictional defect which is not waived by a plea of guilty.

10. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

A defendant, in order to be convicted of aiding and abetting in the possession of a firearm during the commission of a felony, must be shown to have procured, counselled, aided or abetted, and so assisted in obtaining the proscribed possession by his accomplice or in retaining such possession otherwise obtained.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendants on appeal.

Before: T. M. BURNS, P.J., and R. M. MAHER and D. C. RILEY, JJ.

T. M. BURNS, P.J. Defendants Steven Vannoy and Joseph Vannoy appeal as of right their May 21, 1979, guilty plea convictions of one count of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant Pamela Howard appeals by leave granted her May 21, 1979, guilty plea conviction of one count of armed robbery.

On June 13, 1979, Joseph Vannoy was sentenced to a term of from three to ten years imprisonment for the armed robbery conviction and was given the mandatory consecutive two-year sentence for the felony-firearm conviction. On the same date, defendant Pamela Howard was sentenced to a term of from two to ten years imprisonment for her armed robbery conviction. Defendant Steven Vannoy appeared for sentencing on July 2, 1979, and was sentenced to a term of from 3 to 15 years for the armed robbery conviction and the mandatory two-year consecutive prison term for the felony-firearm conviction.

The charges against all three defendants arose out of a bank robbery in Dearborn, Michigan. Defendants Steven and Joseph Vannoy, accompanied by two juveniles, entered the Dearborn bank on March 22, 1979. Joseph Vannoy and one of the juveniles were armed with rifles, and Steven Vannoy was armed with a knife. Once in the bank, they ordered bank employees and customers who were present to lie on the floor. Thereupon, they took money from the bank tellers' cages and from the bank vault.

Soon after the robbery, Pamela Howard, who is the sister of Joseph and Steven Vannoy and of one of the juveniles, received a call from the juvenile asking her to come and pick him up in her automobile. She did so, and while driving him to her

house she learned of the bank robbery for the first time and was given $400 of the proceeds.

On March 23, 1979, the defendants were arrested and charged with three counts of armed robbery and one count of possession of a firearm during the commission of a felony. Following a preliminary examination on April 11, 1979, they were bound over for trial on the original charges. Subsequently, on May 21, 1979, defendants pleaded guilty to various of these charges, as noted above, and the remaining charges were dismissed.

Defendants raise a number of issues in this appeal, one of which we deem to be dispositive.

Defendants claim that for the prosecutor to charge them with three counts of armed robbery rather than with a single count of bank robbery where the evidence indicates that they robbed three bank tellers constituted error. We agree.

The statute under which defendants were charged and convicted, MCL 750.529; MSA 28.797, provides in pertinent part:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years."

The common-law crime of robbery in this state has been superseded by this statute. *People v Needham*, 8 Mich App 679; 155 NW2d 267 (1967). Under this statute, the essential elements of armed robbery are: (1) an assault committed by the accused upon the victim, (2) a felonious taking

of property from the victim, and (3) the presence of a dangerous weapon or an object fashioned to make the victim reasonably believe it to be a dangerous weapon. *People v McGuire,* 39 Mich App 308, 313; 197 NW2d 469 (1972).

In contrast to armed robbery, the statute setting forth the crime of bank robbery, MCL 750.531; MSA 28.799, in pertinent part, defines that offense as follows:

"Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any * * * bank * * * shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years."

The principal question before us is whether the Legislature intended to divest prosecutors of discretion to charge defendants under the armed robbery statute where the facts of the case clearly indicate that the offense committed was one of bank robbery.

The rules of statutory construction must be examined to determine the proper statute under which a prosecutor may charge. These rules were set forth by the Supreme Court in their opinion in the case of *People v Hall,* 391 Mich 175, 189-190; 215 NW2d 166 (1974). There, the Court held:

"We begin our review of these statutes by affirming our previous holdings that penal statutes are to be strictly construed. *Lansing v Brown,* 172 Mich 50; 137 NW 535 (1912); *People v Goulding,* 275 Mich 353; 266 NW 378 (1936). However, as the Court pointed out in *People v Consumers Power Co,* 275 Mich 86; 265 NW

785 (1936), the fact that these types of statutes are narrowly construed does not require rejection of that sense of the words which best harmonizes with the overall context of the statutes and the end purpose sought to be achieved by such legislation. With criminal statutes, such end purpose is the evil sought to be corrected and the objects of the law sought to be effectuated. *Hightower v Detroit Edison Co,* 262 Mich 1; 247 NW 97; 86 ALR 509 (1933).

"This Court will presume that the Legislature of this state is familiar with the principles of statutory construction. *People v Lowell,* 250 Mich 349; 230 NW 202 (1930). One of our most honored and long standing such principles is that literal interpretations, and the inferences drawn therefrom, arising from general provisions of a statute or statutory section must be read so as to be limited and controlled by clear and express language found in other sections of the same statute. *Bidwell v Whitaker,* 1 Mich 469 (1850); *McDade v People,* 29 Mich 50 (1874). * * * As we stated in *Bidwell, supra,* 'the inferences to be drawn from a literal interpretation of the first section must be controlled by the clear and express language to be found in other sections of the same statute.' 1 Mich 469, 479."

Although prosecuting attorneys have great discretion in determining under which of two possible applicable statutes a prosecution shall be instituted, that discretion is not unlimited. *People v LaRose,* 87 Mich App 298, 302; 274 NW2d 45 (1978). A basic rule of statutory construction is that a statute specific in language and enacted subsequent to or contemporaneously with a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be a conflict between them. *Manville v Board of Governors of Wayne State University,* 85 Mich App 628; 272 NW2d 162 (1978).

In the present case, the general armed robbery statute is limited and controlled by the bank rob-

bery statute, which follows it in the statutory scheme. The existence of both statutes makes it clear that the Legislature intended to distinguish between the offense of armed robbery and the offense of bank robbery. The facts of this case disclose that at the time defendants entered the bank they did not do so to rob the individuals, either customers or employees, who were in the bank at the time. Rather, their plan was to rob the bank itself.

Based upon the foregoing considerations, we hold that the prosecutor abused his discretion when he charged defendants with three counts of armed robbery rather than with one count of bank robbery.

We recognize that our opinion in this matter appears to conflict with a recent opinion of this Court that considered this same issue. See *People v Williams,* 98 Mich App 510; 296 NW2d 293 (1980). However, we believe that that opinion was wrongly decided in that it did not take into proper consideration the seminal and most significant Michigan case on this problem, *Hall, supra.*

Inasmuch as the error in charging defendants under the wrong statute amounts to a jurisdictional defect in this case, that error was not waived by defendants' pleas of guilty. *People v Alvin Johnson,* 396 Mich 424, 439-444; 240 NW2d 729 (1976). Therefore, we hold that the circuit court never obtained proper jurisdiction over the defendants with respect to the armed robbery/ bank robbery charges or with respect to the inseparable felony-firearm charges.

Reversed and remanded with instructions to vacate defendants' convictions and dismiss the complaint. Our decision here does not prejudice the prosecutor from reinstituting charges against

defendants consistent with the double jeopardy provisions of the constitution. As to defendant Steven Vannoy, any reinstitution of the felony-firearm charge against him must be in accordance with the recent opinion of our Supreme Court in *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981).