PEOPLE v AVERY

Docket No. 58767. Submitted March 4, 1982, at Lansing.—Decided April 23, 1982. Leave to appeal applied for.

Todd S. Avery was convicted, on his plea of guilty, of armed robbery in Isabella Circuit Court, Paul F. O'Connell, J. The defendant appeals alleging that his conviction and sentence for armed robbery should be vacated because the prosecuting attorney abused his discretion by charging the defendant with armed robbery where the facts indicate that the offense that was committed was bank robbery. *Held:*

The crimes of armed robbery and bank robbery involve different elements and carry the same possible sentence. Under the facts of this case the prosecutor had the discretion to charge either bank robbery or armed robbery. The conviction should be affirmed.

Affirmed.

1. PROSECUTING ATTORNEYS — DISCRETION.

The prosecuting attorney is the chief law enforcement officer of the county and has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted.

2. ROBBERY — ARMED ROBBERY — BANK ROBBERY.

The essential elements of the criminal offense of armed robbery consist of an assault, a felonious taking of property from the victim's person or presence, and that the defendant be armed with a weapon; the statute on bank robbery does not require that a defendant be armed, nor does it require an assault or felonious taking for a conviction of bank robbery; the statute on bank robbery requires that there be an intent to steal from a building, bank, safe, or other depository of money for a conviction whereas the statute on armed robbery requires the felonious taking to be from a person or in that person's pres-

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Prosecuting Attorneys § 26.
[2] 67 Am Jur 2d, Robbery §§ 4, 12, 87, 92.

ence to establish a conviction (MCL 750.529, 750.531; MSA 28.797, 28.799).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Gary Granader,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Defendant entered a plea of guilty to a charge of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to 3-1/2 to 15 years in prison. Following the denial of a motion for a new trial, he appeals by right.

On appeal, the defendant raises five issues, only one of which merits discussion. This issue is stated by the defendant as follows: "The defendant's guilty-plea conviction and sentence for armed robbery must be vacated, because the prosecutor abused his discretion by improperly charging armed robbery where the facts clearly indicate that the offense committed was bank robbery."

The statute on armed robbery, MCL 750.529; MSA 28.797, provides in part:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money * * * such robber being armed with a dangerous weapon, * * * shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years."

The statute on bank robbery, MCL 750.531; MSA 28.799, provides in part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Any person who, with intent to commit the crime of larceny, * * * shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, * * * shall * * * be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years."

Defendant cites *People v Joseph Vannoy,* 106 Mich App 404, 410-411; 308 NW2d 233 (1981), for the proposition that a prosecutor abuses his discretion by charging a defendant with armed robbery where the facts indicate that a bank robbery is involved. This holding appears to conflict with the recent opinion of this Court in *People v Williams,* 98 Mich App 510, 513; 296 NW2d 293 (1980), which considered the same issue.

In *Williams,* we held that the prosecutor did not abuse his discretion by charging the defendant with armed robbery instead of bank robbery because the facts indicated that the defendant could have been charged under either statute. Although *Williams* provided no further analysis on the issue, *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972), was cited for support of the holding.

In *Genesee Prosecutor,* the Michigan Supreme Court restated the well-recognized rule that a prosecutor has broad discretion in determining under which of two applicable statutes the prosecution will be instituted. The Court held that, "[a]lthough related, [if] the two offenses are separate and distinct, the prosecutor has discretion to proceed under one or the other [statute] or both, if warranted by the facts." 386 Mich 684.

The essential elements of armed robbery consist of an assault, a felonious taking of property from the victim's person or presence, and that the defendant be armed with a weapon. 4 Gillespie,

Michigan Criminal Law & Procedure (2d ed), § 2219, p 158, *People v Joseph Vannoy, supra,* 106 Mich App 408-409. In contrast, the statute on bank robbery does not require that a defendant be armed, nor does it require an assault or felonious taking. *People v Ferguson,* 60 Mich App 302; 230 NW2d 406 (1975), *lv den* 396 Mich 857 (1976). In addition, the statute on bank robbery requires that there be an intent to steal from a building, bank, safe, or other depository of money to establish a violation whereas the statute on armed robbery requires the felonious taking to be from a person or in his presence. MCL 750.531; MSA 28.799, MCL 750.529; MSA 28.797.

There will be times when the statute on armed robbery and the statute on bank robbery will overlap. However, not every violation of the statute on bank robbery will result in a violation of the statute on armed robbery. This is not a case of the Legislature carving out an exception to a general statute and providing a lesser penalty for a more specific offense, in which case the prosecutor would have to charge the defendant under the statute fitting the particular facts. *People v Carter,* 106 Mich App 765, 769-770; 309 NW2d 33 (1981). The crimes of armed robbery and bank robbery involve different elements and carry the same possible sentence.

Accordingly, we conclude that under the facts of this case the prosecutor had the discretion to charge either bank robbery or armed robbery. The conviction is affirmed.