PEOPLE v WEHRER

Docket No. 58996. Submitted September 16, 1982, at Lansing.—Decided November 18, 1982.

Joseph F. Wehrer was convicted on his plea of guilty but mentally ill to a charge of armed robbery, Washtenaw Circuit Court, Edward D. Deake, J. Defendant appeals. *Held:*

1. Since the facts supported either an armed robbery charge or a bank robbery, and since no attempt was made to charge multiple counts of armed robbery instead of a single charge of bank robbery, the defendant was not prejudiced by the prosecutor's discretionary decision to charge him with armed robbery rather than bank robbery.

2. The trial judge was not obligated by the court rules to inform the defendant prior to accepting his guilty plea of the consequences of the so-called "Proposal B" statute which makes one convicted of certain crimes ineligible for parole until he or she has served the minimum sentence imposed by the court undiminished by allowance for good time, special good time or special parole.

Affirmed.

1. ROBBERY — BANK ROBBERY — ARMED ROBBERY — PROSECUTORIAL DISCRETION.

It is not an abuse of prosecutorial discretion to charge a defendant with armed robbery rather than bank robbery where either charge is supported by the facts and no attempt was made to charge multiple counts of armed robbery rather than a single count of bank robbery, since under such circumstances the penalties are the same and no prejudice resulted (MCL 750.529, 750.531; MSA 28.797, 28.799).

2. CRIMINAL LAW — GUILTY PLEAS — MINIMUM SENTENCE — COURT RULES.

A trial court need not inform a defendant before accepting a guilty plea of the consequences of the so-called "Proposal B" statute which makes one convicted of certain crimes ineligible

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery §§ 4, 76, 87.
  What constitutes taking and carrying away, with intent to steal or purloin, within the meaning of the Federal Bank Robbery Act (18 USCS § 2113(b)). 46 ALR Fed 841.
[2] 21 Am Jur 2d, Criminal Law § 472 *et seq.*

for parole until he or she has served the minimum sentence imposed by the court undiminished by allowance for good time, special good time or special parole (MCL 791.233b; MSA 28.2303[3], GCR 1963, 785.7).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Susan I. Einowski,* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

PER CURIAM. Defendant pled guilty but mentally ill to the charge of armed robbery, MCL 750.529; MSA 28.797. He appeals and we affirm.

The defendant claims that the prosecutor abused his discretion by charging defendant with armed robbery rather than bank robbery, MCL 750.531; MSA 28.799. We disagree. Under the facts of this case, defendant could have been charged under either statute. *People v Williams,* 98 Mich App 510; 296 NW2d 293 (1980), *lv den* 411 Mich 897 (1981). Defendant was not charged with multiple counts of armed robbery rather than a single count of bank robbery. See *People v Vannoy,* 106 Mich App 404; 308 NW2d 233 (1981). Thus, although the bank robbery statute is more specific, the penalties are the same and no prejudice occurred.

Defendant also claims that the trial court was under a duty to advise him of the sentence consequence of the so-called "Proposal B" statute, MCL 791.233b; MSA 28.2303(3). However, the Michigan Supreme Court has held that GCR 1963, 785.7 does not require a trial judge to give such advice. *People v Johnson,* 413 Mich 487; 320 NW2d 876 (1982).

Affirmed.