## THE PEOPLE v. HENRY JOHNSON.

*Criminal law—Larceny—Information—Distinct offenses.*

Respondent was informed against in one count for the larceny of property of the value of $31, belonging to Otto Stark, and of

the property of the value of $15, belonging to John Jacob Stark. The evidence tended to show that *all* of the property was taken from the same building and at the same time. The jury found a general verdict of guilty as charged, fixing the value of the property of Otto Stark at $24.50, and of John Jacob Stark at $26.50. And it is held that time and place so concurred that it cannot be said that respondent was convicted of two distinct offenses.

Error to Saginaw. (Gage, J.) Argued June 12, 1890. Decided June 27, 1890.

Respondent was convicted of larceny, and sentenced to State prison for two years. Judgment affirmed. The facts are stated in the opinion.

*William H. Sweet*, for respondent.

*B. W. Huston*, Attorney General, and *Charles T. Beatty*, Assistant Prosecuting Attorney, for the people.

CHAMPLIN, C. J.   Johnson was jointly informed against with one Marshall Millard, and elected to be tried separately, for the crime of larceny.

The information charged the offense as follows:

"On the 28th day of May, in the year one thousand eight hundred and eighty-nine, at the township of Saginaw, in the county of Saginaw, thirty-five bushels of wheat, of the value of $31, of the goods, chattels, and property of Otto Stark, and three hams and one buffalo robe, of the value of $15, of the goods, chattels, and property of John Jacob Stark, there and then being found, there and then feloniously did steal, take, and carry away, contrary," etc.

Respondent's counsel first moved to quash the information, which was denied, and he pleaded thereto, and a jury was impaneled for his trial on September 20, 1889. A witness was sworn, but before he was examined the counsel objected to the introduction of any testimony, on the ground that the information charges two distinct

offenses against two different persons in one count, and they are improperly joined. The objection was overruled, and the trial proceeded.

The people gave testimony tending to show that all the property mentioned in the information was in a granary belonging to John Jacob Stark,—the wheat on the first floor, and the robe and hams on the second floor, thereof; that the wheat was the property of Otto Stark, a son of John J. Stark, and that he was living on the place with John J. Stark; that the robe and hams were the property of John J. Stark, and all of said property was stolen and carried away at the same time by said defendants; that the value of the wheat was $28 to $35, and the robe and hams $7.

The counsel for Johnson requested the court to charge the jury that—

"The information in this cause contains but one count, charging two distinct offenses. for which the law imposes different proceedings and punishments, one of which offenses a justice of the peace has sole authority to try and determine. I charge you that for those reasons you cannot convict the defendant under said information."

The court refused so to charge, and the testimony under the charge of the court was submitted to the jury. who found a general verdict of guilty as charged, and found the value of the property stolen to be $51, and the value of the property belonging to Otto Stark to be $24.50, and of John J. Stark to be $26.50. The respondent was, on November 26, 1889, sentenced to be confined in the State prison at Jackson for the term of two years. On October 10, 1889, he made a motion for a new trial, based upon the foregoing objections and rulings of the trial court, and upon the further reason that one of the jurors who sat upon the panel was disqualified, because he was not a resident elector of Saginaw county at the

time of the trial. The motion was overruled, and respondent brings error. These objections may be considered together.

As nothing is shown by the record how the juror came upon the panel, it may be presumed that he was regularly drawn. We think the objection that he was not a qualified juror at the time of the trial in September, 1889, is not shown from the testimony produced upon the hearing of the motion. It does not appear from the record when he was returned by the supervisor as a juror. He might have voted at Ann Arbor in the fall of 1888, and removed to Saginaw county in time to have his name returned by the supervisor in the spring of 1889. His wife and children are residing at Ann Arbor only temporarily, in order to educate their children. Residence is so much a matter of intention that it is difficult to prove an intention contrary to that alleged by the person; and we think we must, as the circuit judge did, give credence to the oath of the juror upon that subject.

Two distinct felonies cannot be charged in one count of an information. Neither can two or more charges for larceny, not within the jurisdiction of the circuit court to try by virtue of its original jurisdiction, be united in one count, so as to bring the larceny within the original jurisdiction of the court. A single offense of larceny may be charged in one count, where the articles stolen are of different values, and belong to different owners. The criterion is, was the larceny one act, committed at one time and place? If so, the property stolen may be of different kinds and values, and belong to different persons. Larceny consists of the unlawful taking of the personal property of another with the felonious intent to deprive the owner of it. The information in this case follows the approved forms laid down in the books as precedents. 3 Chit. Crim. Law, 960; Barb. Crim. Law,

688; Tiff. Crim. Law (1st ed.) 386; Id. (2d ed.) 792. The testimony in this case shows but one larceny. The property was stolen from the granary on one occasion, and time and place so concurred that it cannot be said that there were two distinct offenses.

The judgment is affirmed.

The other Justices concurred.