## PEOPLE v. HENDERSON

1. CRIMINAL LAW—SPECIFIC INTENT—ELEMENTS OF CRIME.
   Specific intent must be established by testimony where intent is the gist of the offense.

2. ROBBERY—ARMED ROBBERY—INCLUDED OFFENSES—SPECIFIC INTENT—PROOF.
   Proof of the specific intent necessary to a conviction of assault with intent to rob being armed may be found in the completed act of robbery armed (MCLA § 750.89).

3. ROBBERY—ARMED ROBBERY—WEAPON—PROOF—ASPORTATION.
   Evidence that defendant seized a pistol in complainant's store, assaulted her with it, and fled the store with the pistol, was sufficient proof of specific intent to rob the complainant to support a conviction of armed robbery of the pistol and hence of assault with intent to rob being armed (MCLA § 750.89).

4. ROBBERY—ARMED ROBBERY—WEAPON—ASPORTATION.
   A defendant may properly be convicted of armed robbery of the same pistol with which he was armed where he seized the pistol and used it to assault its owner and take the pistol in the owner's presence.

5. APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTION—WAIVER.
   A defendant who fails to object to jury instructions when the trial court gives him that opportunity waives his right to object to those instructions on appeal (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J.   Submitted Division 1 January

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law § 82.
   46 Am Jur, Robbery §§ 6-10.
[5] 5 Am Jur 2d, Appeal and Error § 892.

7, 1970, at Detroit.   (Docket No. 5,924.)   Decided
February 25, 1970.

Austin Henderson was convicted of assault with
intent to rob and steal being armed.   Defendant
appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Robert A. Reuther,* Assistant
Prosecuting Attorney, for the people.

*Robert M. Hetchler,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and
QUINN, JJ.

J. H. GILLIS, J.   Defendant was convicted by a
Detroit recorder's court jury of assault with intent
to rob and steal being armed.[1]   The appeal to this
Court is one of right.

The facts of the case are as follows:

The complainant, Marguerite Jenkins, was the
owner of a party store.   Maurice Garrison, a retired
police officer, acted as a "security guard" for the
store.   On August 26, 1967, at approximately 10
a.m., defendant entered complainant's store and
walked to the back to the canned goods counter.
Mr. Garrison was at that time returning from the
restroom in the rear of the building.   Defendant
grabbed him around the neck and wrestled him to
the floor.   He grabbed a gun which Mr. Garrison
had placed under a pile of papers, and shot Garrison.
Defendant then grabbed Garrison's change purse,
which was lying on the floor, turned, gun in hand,

---

[1] MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

and approached the complainant who was standing behind a counter. Complainant shouted, "Don't shoot! Don't shoot!" and grabbed a gun from behind the counter. She shot at defendant and missed.

Defendant fired at her, but the bullet went into the ceiling. Complainant again fired erratically. Defendant then fled the store, firing two more shots as he was running across the street. Defendant was arrested about two blocks away from the scene of the crime by the Detroit police. The change purse was also found.

Defendant was originally charged with armed robbery of the pistol, certain money, and keys. At trial, the information was amended charging only armed robbery of the pistol from the complainant.

Defendant raises six issues on appeal which will be considered individually below.

## I

*Did the Evidence Support a Finding of Guilty Beyond a Reasonable Doubt?*

Defendant claims that sufficient proof that he possessed the specific intent to rob complainant was not adduced at trial. Clearly, testimony must be elicited to establish specific intent where that intent is the gist of the offense.[2] A review of the record in this case establishes that there was an assault upon the complainant. Secondly, proof was adduced that the act of asportation of the gun was completed by defendant. In the case of *People* v. *Anderson* (1966), 64 Cal 2d 633 (414 P2d 366, 51 Cal Rptr 238), the defendant entered a pawn shop and was voluntarily shown a rifle. He stated he wished to purchase it and also needed some shells. After these

---

[2] 1 Gillespie, *Michigan Criminal Law & Procedure* (2d ed), § 20, p 38. Assault with intent to rob being armed is a specific intent crime. *People* v. *McKeighan* (1919), 205 Mich 367.

shells were delivered by the proprietor, defendant
loaded the gun, stepped back, and shot a salesman.
Defendant was convicted, *inter alia,* of robbery in
the first degree (armed robbery) of the weapon and
ammunition. On appeal the defendant argued that
the evidence failed to support the robbery conviction.
The court rejected the argument. See also *People
v. Brown* (1966), 76 Ill App 2d 362 (222 NE2d 227),
and *People* v. *Phillips* (1962), 201 Cal App 2d 383 (19
Cal Rptr 839, 841). There was sufficient evidence in
the instant case to support a conviction for robbery
armed also. Since our Supreme Court has stated
that proof of the specific intent necessary to support
a conviction of assault with intent to rob being
armed can be found in the completed act of robbery
armed, we find no merit in defendant's first claim of
error. *People* v. *Blanchard* (1904), 136 Mich 146.
See also *People* v. *Norman* (1968), 14 Mich App 673.

## II

### *Did the Trial Court Err in Allowing the Plaintiff to Amend the Information at Trial?*

Defendant contends that the amended informa-
tion[3] improperly accused him of being armed with
and stealing while armed, the very same pistol. We
have answered this argument in section I.

Defendant also argues that the amended infor-
mation was defective in that the pistol in question
was not taken from the physical possession or per-
son of the complainant. However, the testimony
at trial established that the pistol was owned by
complainant and was stolen in her presence. The
armed robbery statute[4] makes it a felony to "rob,
steal, and take from his person, or in his presence,

---

3 See MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).
4 MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

any money or other property". As indicated in section I, proof of the elements of armed robbery will suffice to support a conviction for the lesser included offense of assault with intent to rob being armed. The defendant's second claim of error is without merit.

## III

### Did the Examining Magistrate Err in Binding Defendant Over for Trial?

Defendant admits that the testimony at the preliminary examination was essentially the same as the testimony at trial. Nonetheless, he argues that this testimony was insufficient to support the magistrate's finding of probable cause[5] that a felony had been committed. In view of our disposition in section I, discussion of this issue becomes unnecessary.

## IV

### Was the Jury's Verdict of Assault with Intent to Rob Being Armed an Improper Compromise Verdict?

In framing this issue, defendant admits a consummated robbery. He then argues that a conviction for a lesser included offense was improper where the evidence establishes a consummated felony. This argument has been answered in *People* v. *Baxter* (1928), 245 Mich 229,[6] and we find it unnecessary to repeat what was said there.

## V

### Were the Lower Court's Instructions to the Jury Erroneous?

Defendant questions the jury instructions for the first time on appeal. In the absence of substantial

[5] MCLA § 766.13 (Stat Ann 1954 Rev § 28.931).
[6] See also *People* v. *Norman* (1968), 14 Mich App 673.

error resulting in a miscarriage of justice, failure to object below waives the issue for appeal. *People v. Allar* (1969), 19 Mich App 675; *People* v. *Mallory* (1962), 2 Mich App 359; GCR 1963, 516.2. Reading the instructions as a whole, we find no error.

Affirmed.

All concurred.