PEOPLE v WILLIAMS

Docket No. 45602. Submitted April 8, 1980, at Detroit.—Decided July 2, 1980.

Ralph E. Williams was convicted of four counts of armed robbery and one count of possession of a firearm during the commission of a felony in Recorder's Court of Detroit, Joseph A. Gillis, J. He appeals, alleging that his conviction under the felony-firearm statute is violative of double jeopardy protections, that he was improperly charged with four counts of armed robbery, each arising out of a single transaction, that his convictions and sentences on those charges also violate double jeopardy protections, and that he should have been charged with one count of bank robbery instead of armed robbery. *Held:*

1. The mandatory consecutive sentence imposed upon conviction for possession of a firearm during the commission of a felony is not violative of double jeopardy protections.

2. There was no abuse of prosecutorial discretion or error of law in the selection of the statute under which the defendant would be charged, as the facts supported a charge under either of two applicable statutes.

3. The episode in question constituted one transaction from which only a single charge of armed robbery could arise, and the charging of multiple counts was an abuse of prosecutorial discretion.

Affirmed in part; reversed in part.

DANHOF, C.J., dissented. He would hold that where each count charged is factually distinguishable and can be supported by independent testimony, and where there is a logical basis for separate charges for separate acts wrongful as to separate persons, one transaction can permissibly be divided into factually separate offenses. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 547.
[2, 4, 5, 7, 8] 21 Am Jur 2d, Criminal Law § 9.
   41 Am Jur 2d, Indictments and Informations § 226 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 8.
[6] 21 Am Jur 2d, Criminal Law § 189.

OPINION OF THE COURT

1. CRIMINAL LAW — FELONY-FIREARM — DOUBLE PUNISHMENT.

A mandatory consecutive sentence imposed upon conviction for possession of a firearm during the commission of a felony is not violative of double jeopardy protections.

2. CRIMINAL LAW — ABUSE OF PROSECUTORIAL DISCRETION — CRIMINAL CHARGES — FACTUAL SUPPORT — ERROR OF LAW.

No abuse of prosecutorial discretion or error of law will be found in charging a defendant under one of two applicable statutes where the charge is supported by the facts in the case.

3. CRIMINAL LAW — SEPARATE ACTS — MULTIPLE SOURCES — CONTEMPORANEOUS ACTS — SINGLE OFFENSE.

The taking of property from different sources at the same time and at the same place constitutes one offense.

4. CRIMINAL LAW — ROBBERY — ABUSE OF PROSECUTORIAL DISCRETION — SINGLE TRANSACTION — MULTIPLE COUNTS.

A prosecutor abused his discretion in charging a defendant with multiple counts of armed robbery arising out of one transaction from which only one count of bank robbery could have been charged.

DISSENT BY DANHOF, C.J.

5. CRIMINAL LAW — CHARGES — MULTIPLE OFFENSES — SINGLE TRANSACTION.

*A prosecutor may charge a defendant with multiple offenses arising from the same transaction.*

6. CRIMINAL LAW — SINGLE TRANSACTION — SINGLE PROSECUTION — MULTIPLE OFFENSES.

*All offenses arising out of the same transaction must be tried in a single prosecution.*

7. CRIMINAL LAW — SINGLE TRANSACTION — CHARACTERISTICS — CRIMES.

*Crimes committed in a continuous time sequence which display a single intent and goal are part of the same transaction.*

8. CRIMINAL LAW — SINGLE TRANSACTION — MULTIPLE OFFENSES — SEPARATE ACTS — SEPARATE CHARGES.

*One transaction may permissibly be divided into factually separate offenses where each count is factually distinguishable and can be supported by independent testimony and where there is*

*a logical basis for the separate charges for separate acts wrongful as to separate persons.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and MACKENZIE, JJ.

CYNAR, J. Defendant was convicted by a jury of four counts of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to four concurrent terms of from 23 to 50 years imprisonment on the armed robbery conviction, with the mandatory two-year consecutive sentence imposed on the felony-firearm count. Defendant appeals as of right.

Defendant first contends that his conviction for felony-firearm is violative of double jeopardy protections. This issue has been resolved against defendant's position in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979).

Next, defendant argues that he was improperly charged with four counts of armed robbery instead of one count, where each count arose out of a single transaction, *i.e.,* the robbing of a single bank. Defendant also contends that his convictions and sentences on the above charges violate double jeopardy protections.

In relation to his former contention defendant additionally argues that he should have been charged under MCL 750.531; MSA 28.799 with one count of bank robbery, as opposed to any charge of armed robbery. We find no abuse of prosecutorial discretion or error of law in charging defendant with armed robbery, as opposed to bank robbery, as it is clear that defendant could have been charged under either statute on the facts here. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972).

As to the multiple charge question, it is not so readily dismissed. The majority rule is that the taking of property from different sources at the same time and at the same place constitutes but one offense. Anno: *Single or separate larceny predicated upon stealing property from different owners at the same time,* 37 ALR3d 1407, 1410. Michigan apparently follows this rule, as shown by the language used by the Court in *People v Johnson,* 81 Mich 573, 576; 45 NW 1119 (1890). As we see it, the episode in question here constituted but one transaction, a single occurrence or offense, from which but a single charge of armed robbery could arise. Had bank robbery been charged, it is patently obvious that only one count thereof could have been charged. Granting the prosecutor discretion to charge armed robbery in lieu of bank robbery, it does not follow that the prosecutor may abuse that discretion by resort to the artifice of charging multiple counts of armed robbery from a unitary episode such as occurred in the case at bar.

Accordingly, we affirm defendant's felony-firearm conviction, as well as one count of armed robbery, and the sentences imposed thereupon. We reverse defendant's convictions for three counts of

armed robbery and vacate the sentences given pursuant thereto.

Affirmed in part; reversed in part.

MACKENZIE, J., concurred.

DANHOF, C.J. *(dissenting)*. While I agree with the majority that defendant's felony-firearm conviction does not constitute double jeopardy and that there was no abuse of prosecutorial discretion or error of law in charging defendant with armed robbery, as opposed to bank robbery, I must respectfully dissent from the majority's conclusion that defendant could not be convicted of four counts of armed robbery on these facts.

The incident occurred on March 20, 1979, at a Detroit branch of the Detroit Bank & Trust Co. Two men wearing ski masks entered the bank in the morning, firing a shot. One, armed with a shotgun, stopped by the door. The other (later identified as defendant) jumped over the counter and, at gun point, entered the cage of teller number three and took money from her drawer. He then entered the cage of teller number four and took money and bus tickets from her drawer. Finally, he entered the cage of teller number five and took money from that teller and the teller trainee. The men then left the bank in a green Pinto and were soon apprehended by the police.

In resolving defendant's claim, we should look to the traditional application of double jeopardy protection as a restraint on courts and prosecutors imposing double punishment for a single criminal act.

It is settled that a prosecutor may charge a defendant with multiple offenses arising from the same transaction. See *People v Tobey,* 401 Mich 141; 257 NW2d 537 (1977). The Michigan Supreme

Court has held that all offenses arising out of the same transaction must be tried in a single prosecution. *People v White,* 390 Mich 245; 212 NW2d 222 (1973). To determine whether the commission of more than one crime is part of the same transaction this Court has looked to whether the crimes were committed in a continuous time sequence and whether they display a single intent and goal. *People v Robertson,* 67 Mich App 603, 605; 242 NW2d 24 (1976).

In the instant case, it is clear that there was one transaction; the question is whether it is divisible into four armed robberies.

I believe this multiple charge does not violate the tests of *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), because the individual armed robberies are not factually necessarily included within the others; each count is factually distinguishable and can be supported by independent testimony. For example, it is not factually or logically impossible for defendant to be found guilty of armed robbery of teller number three without at the same time being guilty of armed robbery of teller number four, etc.

I agree that one *offense* cannot be divided into several parts according to time and conduct, but here one *transaction* was permissibly divided into four factually separate offenses. There is a logical basis to the charges because of the different interests advanced by bank robbery versus armed robbery prosecutions. The bank robbery statute is intended to "protect structures intentionally constructed to protect valuables". *People v Ferguson,* 60 Mich App 302, 305; 230 NW2d 406 (1975). On the other hand, the purpose of the armed robbery

statute is to protect persons from assaultive takings by means of dangerous weapons.

Defendant's reliance on *People v Johnson,* 81 Mich 573; 45 NW 1119 (1890), is misplaced. While that case may represent Michigan's alignment with the majority rule that the taking of property from different sources at the same time and at the same place constitutes but one larceny (see Anno: *Single or separate larceny predicated upon stealing property from different owners at the same time,* 37 ALR3d 1407, 1410), that situation is distinguishable. The larceny charges in those cases focus on a single act of taking property which belongs to several owners; there is only one taking. However, in the instant case, the focus is on multiple assaults and multiple takings within one transaction. The present convictions do not rest on proof of one act which is wrongful as to different persons. Rather, there are separate acts wrongful as to separate persons.

I would hold that defendant's four convictions of armed robbery do not constitute double jeopardy on the facts of this case.