PEOPLE v ADAMS

Docket No. 56670. Submitted May 11, 1983, at Lansing.—Decided
        August 16, 1983.

Larry G. Adams was convicted of bank robbery, assault with
    intent to commit robbery while armed, and two counts of
    possession of a firearm during the commission of a felony,
    Oakland Circuit Court, Farrell E. Roberts, J. The defendant
    appealed, alleging (1) that his conviction of both bank robbery
    and assault with intent to commit robbery while armed violated
    the constitutional prohibition against double jeopardy, and
    (2) that his conviction of two counts of felony-firearm violated
    the constitutional prohibitions against double jeopardy. *Held:*

    1. The defendant's conviction of assault with intent to com-
    mit robbery while armed was based on a separate victim and a
    separate taking from the conviction of bank robbery. Convic-
    tion of both crimes was constitutionally permissible. Because
    the larceny involved in robbery and robbery-related crimes is a
    larceny from a person, the Legislature intended to permit a
    separate conviction for each victim of those crimes.

    2. One of the defendant's convictions of felony-firearm should
    be vacated. The Legislature did not intend to authorize more
    than one felony-firearm conviction where there is but a single
    continuous criminal transaction involving possession of only a
    single firearm, notwithstanding that more than one felony may
    be committed during the course of that transaction.

    Affirmed in part and reversed in part.

1. CRIMINAL LAW — LESSER INCLUDED OFFENSES.
    A single criminal act will not support conviction of a greater

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 551.
[2] 6 Am Jur 2d, Assault and Battery § 56.
    Single act affecting multiple victims as constituting multiple as-
    saults or homicides. 8 ALR4th 960.
[3] 67 Am Jur 2d, Robbery §§ 80, 83.
[4, 5] 50 Am Jur 2d, Larceny § 9.
    67 Am Jur 2d, Robbery § 10 *et seq.*
[6] 21 Am Jur 2d, Criminal Law § 10 *et seq.*

offense and either a necessarily or cognate lesser included offense absent a clear legislative intent to permit multiple punishments.

2. Larceny — Assault.

The taking of property from different sources at the same time and at the same place can constitute only a single larceny; however, an assault on several persons at the same time and place can support as many assault convictions as there were victims.

3. Robbery — Larceny.

An attempted robbery is an essential element of an assault with intent to rob while armed; proof of a completed armed robbery will establish an assault with intent to rob while armed.

4. Robbery — Larceny.

Robbery is committed only where there is a larceny from the person with the additional element of violence or intimidation; the crime of larceny from the person embraces the taking of property in the possession and immediate presence of the victim and, if such taking be by force and threat of violence, it is robbery.

5. Robbery — Larceny.

The Legislature clearly intended that the statute defining the crime of larceny from a person protect the person or immediate presence of the victim from invasion and thus intended to permit a separate conviction for each victim whose person or immediate presence is invaded and, because the larceny involved in robbery and robbery-related crimes is a larceny from a person, the Legislature intended to permit a separate conviction for each victim of those crimes as well (MCL 750.357; MSA 28.589).

6. Criminal Law — Felony-Firearm.

The Legislature did not authorize more than one felony-firearm conviction where there is but a single continuous criminal transaction involving possession of only a single firearm, notwithstanding that more than one felony may be committed during the course of that transaction (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant.

Before: MacKenzie, P.J., and M. J. Kelly and S. Everett,* JJ.

MacKenzie, P.J. After a jury trial, defendant was convicted of bank robbery, MCL 750.531; MSA 28.799, assault with intent to commit robbery while armed, MCL 750.89; MSA 28.284, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to imprisonment for two concurrent terms of 2 years and two concurrent terms of 18 to 40 years, the former to be served consecutively to the latter. Defendant appeals as of right.

Defendant argues that, under the circumstances presented here, his conviction of both bank robbery and assault with intent to commit robbery while armed violated the constitutional prohibition against double jeopardy. The evidence at the trial showed that defendant forced two bank tellers at gunpoint to turn over to him bank money in their possession. Defendant then confronted a security guard and ordered the guard to surrender his gun. When the guard refused, defendant shot the guard in the leg and took the gun. The taking of the money from the tellers was the basis of the bank robbery conviction, while the shooting of the guard was the basis of the conviction of assault with intent to commit robbery while armed.

Absent a clear legislative intent to permit multi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ple punishments, a single criminal act will not support conviction of a greater offense and either necessarily or cognate lesser included offenses. *People v Cook,* 236 Mich 333; 210 NW 296 (1926); *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976); *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977); *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980). However, a different rule controls when the Legislature intended to permit multiple punishment. In *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), the Court found no constitutional obstacle to the conviction of a defendant for both possession of a firearm during the commission of a felony and the underlying felony. The Court found that the Legislature clearly intended to permit multiple punishment. The Court also found that multiple punishment was permitted under the rule stated in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), because proof of the essential elements of each crime required proof of a fact that proof of the essential elements of the other did not. However, the Court expressly refrained from deciding whether the *Blockburger* rule is a constitutional test. 406 Mich 395. Recent decisions of the United States Supreme Court have clarified the *Blockburger* rule. See *Whalen v United States,* 445 US 684; 100 S Ct 1432; 63 L Ed 2d 715 (1980), *Albernaz v United States,* 450 US 333; 101 S Ct 1137; 67 L Ed 2d 275 (1981), and *Missouri v Hunter,* — US —; 103 S Ct 673; 74 L Ed 2d 535 (1983). The *Blockburger* rule is not a constitutional test but merely one of various means of ascertaining legislative intent. See *Missouri v Hunter,* 74 L Ed 2d 535, 542:

"With respect to cumulative sentences imposed in a

single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."

Defendant argues that only a single larceny took place here and that his conviction of both bank robbery and assault with intent to commit robbery while armed was prohibited by the rule stated in the *Cook, Martin, Stewart,* and *Jankowski* cases. The rule followed in Michigan and in nearly all other jurisdictions is that the taking of property from different sources at the same time and at the same place can constitute only a single larceny. *People v Johnson,* 81 Mich 573; 45 NW 1119 (1890); Anno: *Single or separate larceny predicated upon stealing property from different owners at the same time,* 37 ALR3d 1407. Note, however, that an assault on several persons at the same time and place can support as many assault convictions as there were victims. *People v Ochotski,* 115 Mich 601; 73 NW 889 (1898); *People v Winquest,* 115 Mich App 215; 320 NW2d 346 (1982). In *People v Williams,* 98 Mich App 510; 296 NW2d 293 (1980), the Court relied upon the "single larceny" rule to hold that a defendant who forced four bank tellers at gunpoint to turn over to him bank money in their possession had committed a single armed robbery rather than four.

In *People v Patskan,* 387 Mich 701, 714; 199 NW2d 458 (1972), the Court held that an attempted robbery is an essential element of an assault with intent to rob while armed. Proof of a completed armed robbery will establish an assault with intent to rob while armed. *People v Henderson,* 22 Mich App 128, 131; 177 NW2d 254 (1970). In *People v Chamblis,* 395 Mich 408, 425; 236 NW2d 473 (1975), the Court explained the elements of robbery as follows:

"Robbery is committed only when there is larceny from the person, with the additional element of violence or intimidation. Perkins, Criminal Law (2d ed), pp 279, 281. We are committed to the view that the crime of larceny from the person embraces the taking of property in the possession and immediate presence of the victim. *People v Gould,* 384 Mich 71; 179 NW2d 617 (1970). If such taking be by force and threat of violence, it is robbery."

Examination of MCL 750.531; MSA 28.799 shows that the crime to which we have referred as "bank robbery" need not involve a robbery within the foregoing definition. However, while the statute specifies several alternate ways to commit bank robbery, under the circumstances presented here a larceny or attempted larceny was an essential element of the crime. If but a single larceny occurred here, assault with intent to commit robbery while armed would be a cognate offense of bank robbery, because the two offenses are of the same class or category and share the element of a larceny or attempted larceny. See *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). Therefore, if but a single larceny occurred here, the rule stated in the *Cook, Martin, Stewart,* and *Jankowski* cases would prevent defendant's conviction of both crimes absent a clear legislative intent to permit multiple punishment.

The writer of this opinion was a member of the majority in *Williams* but is no longer convinced that the *Williams* decision was correct in extending the "single larceny" rule into a "single robbery" rule. The single larceny rule is followed in the overwhelming majority of jurisdictions, but the *Williams* "single robbery" rule is the minority view. In *Hoag v New Jersey,* 356 US 464, 467; 78 S Ct 829; 2 L Ed 2d 913 (1958), the Court held that it

was constitutionally permissible for a state to punish a defendant for four separate robberies where defendant robbed four persons at the same time and place. For cases holding that multiple robbery convictions were permissible on facts analogous to those presented here, see *People v Guerin,* 22 Cal App 3d 775; 99 Cal Rptr 573 (1972), *In re Allison,* 13 Colo 525; 22 P 820 (1889), *Ferguson v State,* 405 NE2d 902 (Ind, 1980), *Richardson v State,* 429 NE2d 229 (Ind, 1981), *State v Branch,* 223 Kan 381; 573 P2d 1041 (1978), *State v Hutchinson,* 228 Kan 279; 615 P2d 138 (1980), *State v Shoemake,* 228 Kan 572; 618 P2d 1201 (1980), *Johns v State,* 130 Miss 803; 95 So 84 (1923), *State v Cabell,* 539 SW2d 584 (Mo App, 1976), *Commonwealth v Lockhart,* 223 Pa Super 60; 296 A2d 883 (1972), *Wilkerson v State,* 211 Tenn 32; 362 SW2d 253 (1962), *Morgan v State,* 220 Tenn 247; 415 SW2d 879 (1967), and *Wiley v State,* 552 SW2d 410 (Tenn Crim App, 1977). Several of the cases in which multiple convictions were found to be improper involved only one victim and property belonging to several owners but in the one victim's possession. See *Creecy v State,* 235 Ga 542; 221 SE2d 17 (1975), *State v McQueen,* 24 Kan 420; 582 P2d 251 (1978), and *State v Sellars,* 52 NC App 380; 278 SE2d 907 (1981). Only Florida follows a rule similar to that stated in *Williams. Castleberry v State,* 402 So 2d 1231 (Fla App, 1981).

A rule permitting conviction of more than one robbery, or, as here, robbery-related offense, can be reconciled with the "single larceny" rule and with the case law dealing with double jeopardy. As *Chamblis* shows, the larceny which is an element of robbery is a larceny from a person. The separate statutes defining simple larceny, MCL 750.356; MSA 28.588, and larceny from a person,

MCL 750.357; MSA 28.589, show that the Legislature decided that larceny from a person presents a social problem separate and apart from simple larceny. Compare *People v Ford,* 417 Mich 66, 95-96; 331 NW2d 878 (1982) (larceny in a building). This separate social problem must be the invasion of the person or immediate presence of the victim, because that is what distinguishes larceny from a person and simple larceny. Because the Legislature clearly intended the statute defining the crime of larceny from a person to protect the person or immediate presence of the victim from invasion, the Legislature clearly intended to permit a separate conviction for each victim whose person or immediate presence is invaded. Because the larceny involved in robbery and robbery-related crimes is a larceny from a person, the Legislature clearly intended to permit a separte conviction for each victim of those crimes as well. Because here defendant's conviction of assault with intent to commit robbery while armed was based on a separate victim and a separate taking from defendant's conviction of bank robbery, defendant's conviction of both crimes was constitutionally permissible.

Defendant also argues that his conviction of two counts of possession of a firearm during the commission of a felony violated the constitutional prohibition against double jeopardy. MCL 750.227b(1); MSA 28.424(2)(1) provides in part:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years."

The prosecution relies on the *Blockburger* rule

and argues that the Legislature intended to authorize multiple punishment because each conviction requires proof of a fact that the other does not; that is, each conviction requires proof of the commission of a separate felony. While this may be true if one views defendant's two felony-firearm convictions separately, it must be borne in mind that each of those felony-firearm convictions is not violative of double jeopardy only because the felony-firearm statute reflects a clear legislative intent to impose multiple punishment. *Wayne County Prosecutor, supra.* However, we do not believe that the Legislature in authorizing such multiple punishment intended to authorize more than one felony-firearm conviction where there is but a single continuous criminal transaction involving possession of only a single firearm, notwithstanding that more than one felony may be committed during the course of that transaction. We note that defendant acquired a second firearm here, but only after both felonies were complete. Compare *People v Mahone,* 97 Mich App 192, 194; 293 NW2d 618 (1980).

We so hold in view of the Legislature's use of the phrase "the time he commits or attempts to commit a felony" in the felony-firearm statute and the rule of lenity in construing criminal statutes discussed in *People v Bergevin,* 406 Mich 307; 279 NW2d 528 (1979), and *People v Johnson,* 406 Mich 320; 279 NW2d 534 (1979). In *Bergevin* the Court held that, despite the alternative definitions of the crime in MCL 750.349; MSA 28.581, the Legislature did not intend to authorize multiple convictions for kidnapping where only one person was abducted. Similarly, in *Johnson* the Court held that, despite the alternative definitions of the crime in MCL 750.520b; MSA 28.788(2), the Legis-

lature did not intend to authorize multiple convictions for first-degree criminal sexual conduct where only one sexual penetration took place. Based on the foregoing, we vacate one of defendant's convictions for possession of a firearm during the commission of a felony.

Affirmed in part and reversed in part.