PEOPLE v PERKINS

Docket No. 243412. Submitted April 20, 2004, at Lansing. Decided June 8, 2004, at 9:00 A.M. Leave to appeal granted, 471 Mich ___.

David M. Perkins was convicted of being a felon in possession of a firearm and of possession of a firearm during the commission of a felony after a bench trial in the Wayne Circuit Court, Vera Massey Jones, J. The defendant appealed, claiming insufficient evidence in support of his convictions.

The Court of Appeals *held*:

1. MCL 750.224f(2) prohibits a person convicted of a specified felony from possessing a firearm until five years after the person has paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the felony, and until the person's right to possess a firearm has been restored pursuant to MCL 28.424.

2. The prosecution must prove that a defendant's right to possess a firearm has not been restored only if the defendant produces some evidence that the right has been restored. In this case, the defendant produced no evidence that his right to possess a firearm has been restored. Thus, the prosecution was not required to prove the contrary beyond a reasonable doubt.

3. MCL 750.224f(6), as relevant to this case, provides that "specified felony" means a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in committing the offense. Larceny from a person, the felony of which the defendant in this case was convicted, is a "specified felony" within the meaning of MCL 750.224f. Because a person whose property is taken from his presence may take steps to retain possession, and the offender may react violently, the offense of larceny from a person, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4. The prosecution in this case sufficiently proved the offenses of felon in possession of a firearm and felony-firearm with evidence

that the defendant possessed a firearm and that he had a prior conviction of a specified felony as defined by MCL 750.224f(6).

Affirmed.

CRIMINAL LAW — FELON IN POSSESSION OF A FIREARM — SPECIFIED FELONIES — LARCENY FROM A PERSON.

Larceny from a person is a specified felony for the purpose of the statute that prohibits a person who has been convicted of a specified felony from possessing a firearm unless the conditions set in that statute have been met (MCL 750.224f[2], [6], 750.357).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Fred J. Bernacki*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*) for the defendant on appeal.

Before: MARKEY, P.J., and WILDER and METER, JJ.

PER CURIAM. The prosecutor charged defendant with assault with a dangerous weapon, MCL 750.82; being a felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony, MCL 750.227b. After a bench trial, the trial court convicted defendant of the latter two offenses. Defendant appeals by right, arguing insufficient evidence supported his convictions. We affirm, deciding this appeal without oral argument. MCR 7.214(E).

When reviewing a challenge to the sufficiency of the evidence in a bench trial, we view the evidence presented in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. The trier of fact may make reasonable inferences from direct or circumstantial

evidence in the record. *People v Petrella*, 424 Mich 221, 268-270, 275; 380 NW2d 11 (1985); *People v Vaughn*, 186 Mich App 376, 379-380; 465 NW2d 365 (1990).

Generally, MCL 750.224f prohibits a person convicted of a felony[1] from possessing a firearm if fewer than three years have passed since the person paid all fines, served all terms of imprisonment, and successfully completed all terms of probation or parole imposed for the violation. MCL 750.224f(1). But a longer, and potentially indefinite, prohibition applies when a person has been convicted of a "specified felony." MCL 750.224f(2); *People v Parker*, 230 Mich App 677, 686; 584 NW2d 753 (1998). Here, the prosecutor charged defendant with having been convicted of a specified felony: larceny from a person, MCL 750.357. At trial, defendant admitted that he possessed a firearm and that he was convicted in 1977 of larceny from a person. Defendant argues on appeal that this evidence was insufficient to prove a violation of subsection 1 because more than three years must have expired since defendant completed all terms of his sentence for a ten-year felony. As for subsection 2, defendant argues that larceny from a person does not meet the statute's definition of a "specified felony." Thus, defendant argues he could not be found guilty of violating MCL 750.224f, nor could he be convicted of felony-firearm, MCL 750.227b. We disagree.

"We review questions of statutory construction de novo. In doing so, our purpose is to discern and give effect to the Legislature's intent. We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the mean-

---

[1] MCL 750.224f(5) defines "felony" as "a violation of a law of this state, or of another state, or of the United States that is punishable by imprisonment for 4 years or more, or an attempt to violate such a law."

ing clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. We must give the words of a statute their plain and ordinary meaning, and only where the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent." [*People v Brown*, 249 Mich App 382, 385; 642 NW2d 382 (2002), quoting *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999) (citations omitted).]

MCL 750.224f(2) provides:

A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(i) The person has paid all fines imposed for the violation.

(ii) The person has served all terms of imprisonment imposed for the violation.

(iii) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to . . . [MCL] 28.424[2] . . . .

By the clear and unambiguous terms of the statute, a person convicted of a specified felony is prohibited from possessing a firearm until five years after he has paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the offense. MCL 750.224f(2)(a). Moreover, after the five-year period has passed, the convicted felon is prohibited from

---

[2] This statute provides the procedure by which a convicted felon may apply for restoration of firearms rights by the concealed weapons board in the county in which the convicted felon resides and the criteria that must be satisfied.

possessing a firearm until his right to do so has been formally restored under MCL 28.424. MCL 750.224f(2)(b). The prosecutor must prove that the defendant's right to possess a firearm has not been restored only if the defendant produces some evidence that his right has been restored. MCL 776.20,[3] see also *People v Pegenau,* 447 Mich 278, 290-292; 523 NW2d 325 (1994), and *People v Henderson,* 391 Mich 612, 616; 218 NW2d 2 (1974) (the prosecution is not required to prove that the defendant has no license to carry a concealed weapon until the accused puts on some evidence to the contrary). Here, defendant produced no evidence that his right to possess a firearm had been restored; therefore, the prosecution was not required to prove the contrary beyond a reasonable doubt. Accordingly, if larceny from a person is a "specified felony," the prosecutor produced sufficient evidence to prove all the elements of the offense beyond a reasonable doubt.

MCL 750.224f(6), as pertinent to the case at bar, provides:

As used in subsection (2), "specified felony" means a felony in which 1 or more of the following circumstances exist:

(i) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, *or that by its nature, involves a* substantial *risk that physical force against the person or property of another may be used in the course of committing the offense.* [Emphasis added.]

The elements of larceny from a person are (1) the taking of someone else's property without consent, (2)

---

[3] MCL 776.20 provides: "In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation."

movement of the property, (3) with the intent to steal or permanently deprive the owner of the property, and (4) the property was taken from the person or from the person's immediate area of control or immediate presence. CJI2d 23.3; *People v Wallace*, 173 Mich App 420, 426; 434 NW 422 (1988). Clearly, the offense of larceny from a person does not involve an element of "the use, attempted use, or threatened use of physical force against the person or property of another." Indeed, the lack of force or violence distinguishes larceny from a person from the offense of robbery. See *People v Lee*, 243 Mich App 163, 168; 622 NW2d 71 (2000), *People v Adams*, 128 Mich App 25, 30; 339 NW2d 687 (1983), and cases cited in those opinions. Nevertheless, the offense of larceny from a person is separated from other larceny offenses because it is committed in the immediate presence of another person. *Adams, supra* at 32. The "Legislature decided that larceny from a person presents a social problem separate and apart from simple larceny." *Id*. Specifically, "the invasion of the person or immediate presence of the victim." *Id*. Because a person whose property is stolen from his presence may take steps to retain possession, and the offender may react violently, we conclude that the offense of larceny from a person, *"by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."* MCL 750.224f(6)(i) (emphasis added). We therefore hold that larceny from a person is a specified felony within the meaning of MCL 750.224f.

In sum, the prosecution proved that defendant possessed a firearm and that he had a prior conviction of larceny from a person, a specified felony as defined by MCL 750.224f(6). In the absence of any evidence that defendant's firearm rights had been restored, this evidence was sufficient to support defendant's convictions

of felon in possession of a firearm and felony-firearm. MCL 750.224f(2); MCL 750.227b; *Petrella, supra.*

We affirm.