NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0369n.06

**No. 16-1477**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 26, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff-Appellee, | |
| v. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| TOMMY GOODSON, | |
|     Defendant-Appellant. | |

BEFORE:    MOORE and CLAY, Circuit Judges; and HOOD, District Judge.[*]

**CLAY, Circuit Judge**. Defendant Tommy Goodson appeals his conviction and sentence of 155 months for three counts of bank robbery, in violation 18 U.S.C. § 2113(a). For the reasons that follow, we **AFFIRM** Goodson's sentence.

**BACKGROUND**

**I.    Factual background**

On December 16, 2013, a criminal complaint was filed in the Eastern District of Michigan charging Goodson with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). On April 30, 2014, Goodson entered into a plea agreement with the government under which he pleaded guilty to all three counts of bank robbery. Pursuant to the terms of his plea agreement, Goodson admitted that on three separate occasions he walked into a bank in the Detroit metropolitan area, passed a note to the teller threatening to kill someone if the teller failed to deliver cash to him, and then absconded from the bank. Goodson, in his plea agreement,

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

acknowledged that he was a career offender under the Sentencing Guidelines. Additionally, Goodson's plea agreement contained an appellate waiver in which he forfeited any right to appeal his conviction unless his sentence exceeded the maximum guideline range of 188 months.

Goodson's presentence report ("PSR") calculated his total offense level at twenty-nine, in part by applying a career offender enhancement pursuant to U.S.S.G. § 4B1.1. His predicate offenses were four Michigan bank robberies and a federal bank robbery conviction. Goodson did not object to the PSR and instead requested a variance, which was denied by the district court. The district court entered judgment against Goodson sentencing him to 151 months. Goodson did not appeal his sentence.

## II. Procedural History

On August 7, 2015, Goodson filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he claimed ineffective assistance of counsel because his lawyer failed to file a notice of appeal following his sentencing. The district court held an evidentiary hearing at which Goodson testified that immediately following his sentencing hearing he instructed counsel to file a notice of appeal on his behalf. According to Goodson, he gave those instructions on separate occasions but counsel failed to respect his wishes. The trial court accepted Goodson's representations and granted his motion, thereby entitling him to file a delayed notice of appeal. This appeal now follows.

## DISCUSSION

### Standard of Review

Generally, this Court reviews *de novo* whether a prior conviction qualifies as a "crime of violence" for purposes of the career offender enhancement of the United States Sentencing Guidelines. *United States v. Cooper*, 739 F.3d 873, 877 (6th Cir. 2014). However, where, as

here, a defendant fails to object to his sentence, review is limited to plain error.[1] *United States v. Herrera–Zuniga*, 571 F.3d 568, 589 (6th Cir. 2009). This is true even though Goodson did not have the benefit of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutional. *See United States v. Priddy*, 808 F.3d 676, 680–81 (6th Cir. 2015); *see also United States v. Barnett,* 398 F.3d 516, 525 (6th Cir. 2005) (stating that plain error review applied even though a challenge to the mandatory application of the guidelines was unpractical at the time of conviction); *United States v. Heikes,* 525 F.3d 662, 664 (8th Cir. 2008) ("When the Supreme Court changes the law while a defendant's case is pending on appeal, the plain error principle applies."). On plain error review, a defendant must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997). If Goodson makes the requisite three part showing, this Court may "exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 467.

## Analysis

### I.    The Career Offender Guideline and Michigan Bank Robbery[2]

Under the sentencing guidelines, a defendant is subject to an enhanced sentence if he is a career offender. U.S.S.G. § 4B1.1. A career offender enhancement applies if, *inter alia*, the

---

[1] On occasion, we have applied *de novo* review in such cases. However, such cases have been limited to instances when the government did not request that we apply the plain error standard. *See*, *e.g.*, *United States v. Rodriguez*, 664 F.3d 1032, 1035 (6th Cir. 2011).

[2] There are a number of procedural issues that arise in connection with Goodson's appeal. First, Goodson's plea agreement contains an appellate waiver, in which he forfeited his right to appeal any sentence below 188 months. The government has elected not to enforce the waiver. Because this Court has previously held that appellate waivers are not jurisdictional bars, we are therefore, not obligated to raise the issue *sua sponte*. *See Jones v. United States*, 689 F.3d 621, 624 n.1 (6th Cir. 2012). Similarly, there is at least a colorable argument that Goodson's appeal is untimely. But again, the government has chosen not to raise this issue on appeal, and so we again deem the issue waived. *See United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (holding that the time limit for filing a criminal appeal is not jurisdictional).

defendant has at least two prior felony convictions of a crime of violence. U.S.S.G. § 4B1.1(a).

At the time Goodson was sentenced, the Guidelines defined "crime of violence" as "any offense

under federal or state law, punishable by imprisonment for a term exceeding one year" that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).[3] Together, courts have interpreted the Guidelines to

create three separate grounds for enhancement: the "use-of-force" clause; the "enumerated-

offenses" clause; and the "residual clause." *See United States v. Mitchell*, 743 F.3d 1054, 1058

(6th Cir. 2014); *United States v. Prater*, 766 F.3d 501, 509 (6th Cir. 2014).

In the *Johnson* decision, the Supreme Court held that the residual clause of the ACCA

was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.

*Johnson*, 135 S. Ct. at 2563. Because the residual clause of the Guidelines contains similarly-

worded language to the residual clause of the ACCA, courts were faced with identical vagueness

challenges. Consequently, a circuit split emerged over whether the residual clause of the

Guidelines implicated the same constitutional concern of vagueness as the ACCA residual

clause. *Compare United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015) (holding

that the Guidelines are not subject to due process vagueness challenges), *with United States v.

Townsend*, 638 F. App'x 172, 178 (3rd Cir. 2015) (declining to follow *Matchett*); *United States

v. Madrid*, 805 F.3d 1204, 1210–11 (10th Cir. 2015) (holding that the Guidelines are subject to

due process vagueness challenges); *United States v. Hurlburt*, 835 F.3d 715, 712–25 (7th Cir.

2016) (same). This Court determined that the language of the Guidelines' residual clause

---

[3] This is the version of the Guidelines that was in effect at the time of Goodson's sentencing.

implicated the same constitutional concerns of vagueness, and thus violated the Fifth Amendment, because it was identical to the language found in the ACCA. *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).

In light of *Johnson* and *Pawlak,* Goodson brought this challenge to his sentence arguing that he no longer qualifies as a career offender under the Guidelines. Specifically, he believes that his prior state court convictions for Michigan bank robbery—absent the application of the residual clause—no longer constitute crimes of violence under the Guidelines. He therefore argues that this case should be remanded to the district court for resentencing. In the interim, however, the Supreme Court issued its decision *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court abrogated our decision in *Pawlak* and held that the residual clause of § 4B1.2(a) is not subject to vagueness challenges under the Fifth Amendment. Consequently, the residual clause of the Guidelines remains a valid means for enhancing a defendant's sentence.

In determining whether a particular offense qualifies as a "crime of violence" under the Guidelines, this Court looks to the elements of the predicate offense under the "categorical approach." *United States v. Covington*, 738 F.3d 759, 762 (6th Cir. 2014). This requires a court to look only to the fact of conviction and the statutory definition of the prior offense and not the particular facts underlying that conviction. *See Mitchell,* 743 F.3d at 1058 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). But if the statute lists multiple elements in the alternative, it defines multiple crimes. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). The Supreme Court clarified in *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013), that in cases where a statute lists alternative elements, the statute is divisible. When faced with a statute listing multiple elements, where one alternative will qualify as a predicate offense and another will not, courts should apply the "modified categorical approach" and "look beyond the statutory elements

to 'the charging paper and jury instructions' used in a case." *Id.* at 2283–84 (quoting *Taylor*, 495 U.S. at 602). "The modified categorical approach that [the Supreme Court] ha[s] approved permits a court to determine which statutory phrase was the basis for the conviction." *Johnson v. United States*, 559 U.S. 133, 144 (2010). The purpose of such an approach is to determine what version of the crime a defendant violated and not the facts underlying the actual conviction. *Covington*, 738 F.3d at 762–63. The first matter that this Court must decide is whether the Michigan bank robbery statute is divisible.

### A. The divisibility of Michigan's bank robbery statute

The Michigan bank robbery statute reads:

Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years.

M.C.L § 750.531. Given the convoluted drafting of the statute, we are presented with a challenging question of statutory interpretation that requires us to determine precisely what constitutes the elements of the offense. In this respect, the Supreme Court's decision in *Descamps* leaves much to be desired in the way of clarity.[4]

Left without a precise way to distinguish between the alternative means and alternative elements of the Michigan bank robbery statute, this Court must turn to the Michigan courts to

---

[4] The majority opinion in *Descamps* merely provided a hypothetical statute defining burglary as an example of a statute that would be divisible but left courts to determine whether disjunctive phrases in a criminal law define alternative elements of a crime or alternative means of commission. *See Omargharib v. Holder*, 775 F.3d 192, 200 (4th Cir. 2014) (Neimeyer, J., concurring).

provide guidance. According to the Michigan Court of Appeals, the statute specifies several alternative ways to commit bank robbery. *See People v. Adams*, 339 N.W.2d 687, 690 (Mich. Ct. App. 1983). Specifically, "the bank robbery statute encompasses two distinct offenses, namely bank robbery involving assaultive conduct and safecracking." *People v. Campbell*, 418 N.W.2d 404, 406 (Mich. Ct. App. 1987). The Michigan pattern jury instructions confirm that the statute contemplates two separate means of committing the crime of bank robbery. *See People v. Saunders*, No. 300128, 2012 WL 1367572, at *5 (Mich. Ct. App. 2012) (noting the model instructions for safecracking involve breaking into a safe with the intent to commit larceny); *People v. Walker*, No. 233777, 2002 WL 31105273, at *1 (Mich. Ct. App. 2002), *amended*, No. 06-13050, 2008 WL 786787 (E.D. Mich. 2008) (listing the model pattern jury instructions for the crime of assaultive bank robbery). Because there are two separate jury instructions authorized by the Michigan Supreme Court for safecracking and assaultive bank robbery, only one of which is provided to a jury in a given case based on the charge information, this Court may reasonably conclude that the Michigan bank robbery statute contemplates multiple alternative elements, and "so effectively creates several different crimes." *United States v. Denson*, 728 F.3d 603, 612 (6th Cir. 2013). Accordingly, we find the statute divisible.[5]

## B. The modified categorical approach

Under the modified categorical approach, this Court may look at a "limited class of documents . . . to determine which alternative [element] formed the basis of the defendant's prior conviction[.]" *Braden v. United States*, 817 F.3d 926, 932 (6th Cir. 2016). Such documents include: "the statutory definition, charging document, written plea agreement, transcript of plea

---

[5] There is some language used by the Michigan courts that may suggest that "no matter the conduct involved in bank robbery, only one offense is created," thereby implying that the statute is not divisible. *See People v. Clemons*, No. 291434, 2010 WL 2629880, at *7 (Mich. Ct. App. 2010); *People v. Ford*, 262 Mich. App. 443, 455 (2004). However, both these cases discuss the offense of bank robbery for purposes of double jeopardy. We believe that the proper reading of the statute is that of a statute listing two separate crimes.

colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The district court did not examine any such documents because Goodson was sentenced before *Johnson* and Goodson stipulated to being a career offender. Nonetheless, this Court may consult the *Shepard* documents on appeal by taking judicial notice of the state court records. *Braden*, 817 F.3d at 932–33; *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (a court can take judicial notice of *Shepard* documents on appeal because they are beyond reasonable dispute). We elect to do so now.

The charging documents underlying his predicate convictions allege that Goodson committed bank robbery by "put[ting] in fear." Because this language corresponds with the first phrase of the divisible statute, and makes no mention of safecracking, we hold that Goodson's prior conviction was for assaultive bank robbery.

## C. Bank robbery as a crime of violence

In looking at the *Shepard* documents, a court may look only to see which alternative version of the offense is at issue. *Covington*, 738 F.3d at 763. The court must then ask whether the offense the statute describes, as a category, is a crime of violence. *Descamps*, 133 S. Ct. at 2287 (noting that the statute functions as an "on-off switch, directing that a prior crime would qualify as a predicate offense in all cases or in none."). If the offense "sweeps more broadly" and "criminalizes a broader swath of conduct," then the offense as category is not a crime of violence. *Covington*, 738 F.3d at 764.

Initially, the government conceded in its briefing that the residual clause of the Guidelines no longer applied to Goodson's sentence. Instead, it argued that Michigan bank robbery constituted a "crime of violence" under the use-of-force prong. We recognize that the question of whether Michigan bank robbery qualifies under the use-of-force clause presents a

difficult and close question. Having reviewed the record, however, we have no doubt that the crime of bank robbery qualifies as a predicate offense under the residual clause of the Guidelines.[6] Accordingly, we do not reach the question of whether Michigan bank robbery qualifies as a crime of violence under the use-of-force clause.

In considering whether a state conviction comes within the residual clause "[this Court] look[s] at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime." *United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009). Not "every conceivable factual offense covered" by the law must raise "a serious potential risk of injury." *James v. United States*, 550 U.S. 192, 208 (2007), *overruled by Johnson v. United States*, 135 S. Ct. 2551 (2015) (while no longer valid for analyzing the residual clause of the ACCA, this statement is good law for purposes of the Guidelines). It is enough that "the conduct encompassed by the elements of the offense, in the ordinary case," presents such a risk. *United States v. Mosley*, 635 F.3d 859, 861 (6th Cir. 2011).

A prior conviction qualifies as a "crime of violence" under the Guidelines if it "involves conduct that presents a serious risk of physical injury to another." § 4B1.2(a)(2). The preferred method for evaluating the minimum level of conduct necessary to commit an offense is to defer to a state's highest court's interpretation of the statute. Unfortunately, the Michigan Supreme Court has not directly addressed the bank robbery statute. Guidance, therefore, must be sought

---

[6] As a general rule, this Court will not consider arguments not presented in a party's opening brief. *Hutton v. Mitchell*, 839 F.3d 486, 498 (6th Cir. 2016); *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) (noting that "an appellant abandons all issues not raised and argued in its initial brief on appeal.") (citations omitted). However, because this rule is procedural and not jurisdictional, this Court may excuse a default. *Hutton*, 839 at 498. On occasion, this Court departs from this rule in "exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice." *Reed v. PST Vans, Inc.*, 156 F.3d 1231 (6th Cir. 1998). "[W]hether or not the circumstances of a particular case justify deviation from the normal rule of waiver is left largely to the discretion of the appellate court." *Fryman v. Federal Crop Ins. Corp.,* 936 F.2d 244, 251 (6th Cir. 1991). Additionally, "we are free to affirm the judgment on any basis supported by the record." *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.,* 280 F.3d 619, 629 (6th Cir. 2002). Thus, we elect to determine whether Goodson's sentence is valid under the residual clause.

from the intermediate court of appeals. The Michigan Court of Appeals has set a low bar for the minimum level of force required to commit bank robbery. Under Michigan law, it is not necessary to use threats or intimidation to place someone in fear. *People v. Madison*, No. 316580, 2014 WL 4495223, at *2 (Mich. Ct. App. 2014) (rejecting the argument that a defendant needs to use intimidation or threats to "put in fear any person"). "It [is] not necessary for the prosecutor to prove that defendant intended to scare or injure anyone in the bank. The prosecutor need only . . . prove[] that a reasonable person would have been put in fear by defendant's conduct." *People v. Thomas*, 325 N.W.2d 536, 539–40 (Mich. Ct. App. 1982). But while there is some conduct that the definition of bank robbery may cover that does not present a serious risk of physical injury, the Supreme Court has held that analysis under the residual clause rests on "inherently probabilistic concepts." *James*, 550 U.S. at 207. "[T]he proper inquiry . . . is whether the conduct encompassed by the elements of the offense, *in the ordinary case,* presents a serious potential risk of injury to another." *Id.* at 208 (emphasis added). In the ordinary case, committing bank robbery by means that would place a reasonable person in fear may be deemed to pose a serious risk of physical injury. The mere possibility that a person could, conceivably, commit the offense without creating a serious risk of physical injury to another is not enough to exclude the offense from the ambit of the Guidelines' residual clause. Consequently, we hold that the Michigan bank robbery charge qualifies as a crime of violence under the residual clause of the Guidelines and see no error in the district court's sentence.[7]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** Goodson's sentence.

---

[7] In any event, our review is for plain error, and even if the district court committed an error, it is not plain.