*325 CAVANAGH, J.
(dissenting). Today the majority adopts the “same elements” test set forth in Blockburger v United States, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932), to determine what comprises “multiple punishments” under Michigan’s Double Jeopardy Clause, Const 1963, art 1, § 15. Because I believe that the Blockburger test is not always sufficient to enforce double jeopardy protections, I must respectfully dissent.
The Double Jeopardy Clause in both the Michigan Constitution and the United States Constitution protects against both successive prosecutions and multiple punishments for the “same offense.”[1] In the multiple punishment context, the Double Jeopardy Clause ensures that a defendant’s total punishment will not exceed the punishment authorized by the Legislature. People v Whiteside, 437 Mich 188, 200; 468 NW2d 504 (1991). The United States Supreme Court has characterized the Blockburger test as a “rule of statutory construction” that it has “relied on... to determine whether Congress has in a given situation provided that two statutory offenses may be punished cumulatively.” Whalen v United States, 445 US 684, 691; 100 S Ct 1432; 63 L Ed 2d 715 (1980).[2] But simply applying the Blockburger test does not end the inquiry. “The Block-burger test is a ‘rule of statutory construction,’ and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.” Albernaz v United States, 450 US 333, 340; 101 S Ct 1137; 67 L Ed 2d 275 (1981). Thus, the Blockburger test is not an end in itself; it merely assists *326 in determining the Legislature’s intent regarding the appropriate punishment for multiple offenses.
The use of Blockburger alone has its limitations, particularly in cases involving a compound offense, such as felony murder. The Blockburger test does not always recognize the relationship between a compound offense and its predicate offenses. For example, when comparing the abstract elements of felony murder and one of its predicate felonies, the offenses will be deemed separate offenses under the Blockburger test. But to convict a defendant of felony murder, the prosecution must establish that the defendant committed the underlying felony. Accordingly, the predicate offense to a felony-murder charge is a necessary element of felony murder, and conviction of both would violate double jeopardy.
When applying the Blockburger test to compound offenses, it is essential to account for the necessarily included predicate offense rather than limiting the inquiry to the abstract elements of the compound offense. We recognized this requirement when we held that double jeopardy analysis for compound offenses relies “not upon the theoretical elements of the offense but upon proof of facts actually adduced.” People v Wilder, 411 Mich 328, 346; 308 NW2d 112 (1981). Similarly, when the United States Supreme Court applied Blockburger to the District of Columbia felony-murder statute, it held that multiple prosecutions for felony murder and the predicate offense of rape were barred even though the felony-murder statute does not always require proof of rape, but could also be based on robbery, arson, or kidnapping, among other offenses. Whalen, supra at 694. The Court noted that “[i]n the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are *327 unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense.” Id. Accordingly, the Court “concluded that, for purposes of imposing cumulative sentences under [the felony-murder statute], Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of rape.” Id. at n 8. In sum, both Michigan and federal courts consider a predicate offense to be necessarily included within a compound offense, even if the abstract elements of the compound offense do not, in every case, encompass the elements of the predicate offense.
Applying the “same elements” test of Blockburger, the majority concludes that defendant’s convictions for felony murder based on larceny and the non-predicate offense of armed robbery survive constitutional scrutiny. Ante at 318-319. But the majority errs in only comparing the abstract elements of felony murder and armed robbery. Under Wilder and federal law, felony murder and its predicate offense are the “same offense” for double jeopardy purposes because the felony-murder conviction necessarily includes all the elements of the predicate offense. The majority fails to account for the necessarily included elements of the predicate offense. Here, defendant’s prosecution for felony murder necessarily put him “in jeopardy” of a conviction of larceny as a lesser included offense. Accordingly, the relevant comparison is between the offense of larceny and armed robbery. It is well established that larceny is a lesser included offense of armed robbery.[3] People v Jankowski, *328 408 Mich 79, 92; 289 NW2d 674 (1980), disavowed on other grounds, People v Wakeford, 418 Mich 95, 111 (1983). As such, a defendant cannot be subjected to multiple prosecutions for both larceny and armed robbery. “Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.” Brown v Ohio, 432 US 161, 169; 97 S Ct 2221; 53 L Ed 2d 187 (1977). Defendant’s convictions for armed robbery must be vacated in light of his convictions for felony murder with a predicate offense of larceny.
It is also important that we keep in mind the fundamental purpose of engaging in the Blockburger test — to discern legislative intent. If the Legislature did not intend to impose cumulative punishments for felony murder and its predicate offense, it would follow that it did not intend to impose multiple punishments for felony murder and offenses that entirely encompass the predicate offense. The legislative intent to impose only one punishment for committing felony murder would also apply to lesser and greater included offenses of the *329 predicate offense. This is particularly true in the present case, which features a noteworthy relationship between the offense of felony murder and the non-predicate offense of armed robbery. Here, defendant could have been prosecuted for felony murder with a predicate felony of armed robbery rather than larceny. Had that occurred, it would have been even more apparent that a simultaneous larceny conviction would violate double jeopardy principles because larceny is a lesser included offense of armed robbery and there was no evidence of separate takings. The government should not be permitted to evade the prohibition against double jeopardy by manipulating the charges it brings against a defendant. Such maneuvering demonstrates the very governmental overreaching that the double jeopardy provision is intended to prevent.
In sum, comparing abstract elements does not adequately enforce the constitutional protection against double jeopardy, particularly in cases involving compound offenses. Comparing the elements of two offenses may indicate whether the Legislature intended to impose cumulative punishments, but it does not serve as an exclusive method for determining whether the Double Jeopardy Clause has been violated. The majority’s application of Blockburger threatens to undermine the protections against double jeopardy guaranteed by the Michigan Constitution and safeguarded by Wilder.
Additionally, the majority contends that the evidence adduced at trial could have supported a finding that two takings occurred — the store’s keys and money in a larceny and the victims’ wallets in an armed robbery. Ante at 317 n 15. But we have not permitted the offense of larceny to be divided this way. “[T]he theft of several items at the same time and place constitutes a single larceny.. . . The appropriate ‘unit of prosecution’ for *330 larceny is the taking at a single time and place without regard to the number of items taken ...Wakeford, supra at 112.[4] By contrast, “the appropriate ‘unit of prosecution’ for armed robbery is the person assaulted and robbed.” Id. When defendant was found guilty of all the elements of larceny, that offense involved all the property that was taken in this case.[5] Consequently, after defendant was found guilty of larceny, no property remained that could have been separately taken as part of an armed robbery. The Court of Appeals was correct to conclude that there was no factual basis supporting separate offenses of larceny and armed robbery.
Vacating defendant’s armed robbery convictions and related convictions of possession of a firearm during the commission of a felony is necessary to enforce the prohibition against double jeopardy. I would affirm the result reached by of the Court of Appeals.

 Const 1963, art 1, § 15; US Const, Ams V and XIV

 While the legislative body has the exclusive power to define offenses and fix punishments, there remain “constitutional limitations upon this power.” Whalen, supra at 689 n 3.

 MCL 750.356(1) defines “larceny” in relevant part as follows: “A person who commits larceny by stealing any of the following property of another person is guilty of a crime as provided in this section: (a) Money, goods, or chattels.”
*328 The armed robbery statute, MCL 750.529, provides in relevant part:
A person who engages in conduct proscribed under section 530 and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years.
And § 530(1) states:
A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years. [MCL 750.530 (emphasis added).]

 We recognized the “single larceny” doctrine in People v Johnson, 81 Mich 573, 576-577; 45 NW 1119 (1890). In Johnson, we held that the theft of property belonging to two different owners comprised a single larceny because the property was taken at the same time from one granary. Id. at 577. Wakeford discussed this doctrine in the process of discerning the Legislature’s intent regarding multiple punishments for armed robbery. Our discussion was not merely dictum because the defendant argued that armed robbery of multiple victims at the same time should be treated the same as larceny; thus, we needed to explain why the armed robbery statute did not convey the same intent regarding multiple punishment as the larceny statute. Wakeford, supra at 111-112. Justice Markman attempts to distinguish Wakeford by stating that “[i]n Wakeford there was a single victim from whom the defendant took multiple items,” ante at 318 n 15, but there is no indication that we would have come to a different conclusion regarding larceny if the defendant had taken property belonging to multiple owners rather than just from multiple cashiers.

 Of course, having committed a larceny, a defendant is not free to take property from other owners without fear of additional punishment. Under the larceny statute, the value of the property taken is totaled to distinguish between misdemeanor and felony larceny and to determine the level of punishment. MCL 750.356.